Kassim M. Ferris, OSB No. 965260
kassim.ferris@stoel.com
Brian C. Park, *Pro Hac Vice forthcoming*
brian.park@stoel.com
Elliott J. Williams, OSB No. 144835
elliott.williams@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEUPOLD & STEVENS, INC., | Case No.: |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Leupold & Stevens, Inc. ("Leupold") files this Complaint against Defendant Lightforce USA, Inc. d/b/a Nightforce Optics and Nightforce USA ("Nightforce") and alleges as follows:

Page 1   -   COMPLAINT FOR PATENT INFRINGEMENT

## NATURE OF THE ACTION

1. This action is based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

2. This action arises out of Defendant's making, using, selling, offering to sell, and importing a range of optical scopes and components ("the Infringing Products") that violate patents owned by Leupold.

## THE PARTIES

3. Plaintiff Leupold & Stevens, Inc. ("Plaintiff" or "Leupold") is an Oregon corporation with its principal place of business in Beaverton, Oregon.

4. Defendant Lightforce USA, Inc. ("Defendant" or "Nightforce") is a Washington corporation with its principal place of business in Orofino, Idaho.

## JURISDICTION AND VENUE

5. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq*. The Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over the parties, and venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b) and (c), and/or 1400(b).

7. Nightforce conducts significant business in the State of Oregon with Oregon businesses. Nightforce has entered into contracts with Oregon companies and customers (including sporting goods retailers, outdoor gear retailers, hunting outfitters, and firearms dealers) regarding the purchase, sale, and delivery of the Infringing Products in and into Oregon. Defendant maintains a network of authorized dealers of Nightforce products, including the Infringing Products, in *inter alia* Portland, OR; Tualatin, OR; Hillsboro, OR; Newberg, OR; St. Helens, OR; Salem, OR; Springfield, OR; Medford, OR; Eagle Point, OR; Bend, OR; and

Redmond, OR. Nightforce advertises, markets, and sells the Infringing Products in Oregon through multiple printed, electronic, and trade show media, and ships the Infringing Products into Oregon. Nightforce also knowingly and intentionally injects the Infringing Products into the Oregon stream of commerce for sale by its Oregon customers, distributors, and resellers to Oregon consumers for use in Oregon.

## PLAINTIFF AND ITS RIGHTS

8. Plaintiff is a world leader in the design, development, and manufacture of sports optics and precision optical instruments, systems, and methods, including aiming sights, riflescopes, spotting scopes, binoculars, handheld laser rangefinders, and other products for numerous sporting, hunting, marksmanship, wildlife observation, golf, and military and law enforcement applications. Plaintiff's innovations in the fields of optics and mechanical devices have been recognized by the United States Patent and Trademark Office ("USPTO") through the issuance of numerous patents, including the patents-in-suit.

9. Plaintiff and Defendant compete in interstate commerce in regard to sale of products covered by the patents-in-suit, including in Oregon.

The Patents-in-Suit

10. On August 30, 2011, the USPTO duly and lawfully issued United States Patent No. 8,006,429 ("the '429 patent"), entitled *Locking Turret Knob*. Plaintiff is the assignee and sole owner of the '429 patent, a true and correct copy of which is attached hereto as Exhibit 1.

11. On August 27, 2013, the USPTO duly and lawfully issued United States Patent No. 8,516,736 ("the '736 patent"), entitled *Locking Adjustment Knob for a Sighting Device*. Plaintiff is the assignee and sole owner of the '736 patent, a true and correct copy of which is attached hereto as Exhibit 2.

12.     On November 17, 2015, the USPTO duly and lawfully issued United States Patent No. 9,188,408 ("the '408 patent"), entitled *Auto-Locking Adjustment Device*. Plaintiff is the assignee and sole owner of the '408 patent, a true and correct copy of which is attached hereto as Exhibit 3.

13.     On October 27, 2015, the USPTO duly and lawfully issued United States Patent No. 9,170,068 ("the '068 patent"), entitled *Locking Adjustment Device*. Plaintiff is the assignee and sole owner of the '068 patent, a true and correct copy of which is attached hereto as Exhibit 4.

14.     On November 9, 2004, the USPTO duly and lawfully issued United States Patent No. 6,816,305 ("the '305 patent"), entitled *Pre-Assembled Pivoting Lens Unit*. Plaintiff is the assignee and sole owner of the '305 patent, a true and correct copy of which is attached hereto as Exhibit 5.

15.     On May 25, 2010, the USPTO duly and lawfully issued United States Patent No. 7,721,480 ("the '480 patent"), entitled *Pivoting Lens Covers for Riflescopes and the Like*. Plaintiff is the assignee and sole owner of the '480 patent, a true and correct copy of which is attached hereto as Exhibit 6.

## DEFENDANT AND ITS UNLAWFUL ACTIVITIES

16.     Defendant has been making, using, selling, offering to sell, and importing the Infringing Products, including the Nightforce ATACR, BEAST, NXS, and SHV models of riflescopes, Nightforce pivoting lens covers, locking adjustment knobs, and other products with substantially equivalent structures and functions. Defendant's conduct involving the Infringing Products has occurred in interstate commerce, including in the State of Oregon.

17. With knowledge of Leupold's patents-in-suit and as part of Defendant's competitive strategy against Plaintiff, Defendant has been actively and knowingly teaching and encouraging Nightforce's customers, suppliers, business partners, and end users to use the Infringing Products according to teachings and methods covered by the claims of the patents-in-suit.

18. At no time has Defendant had any express or implied authorization, license, or permission to practice the inventions claimed in Leupold's patents-in-suit.

19. Prior to filing this action, Plaintiff put Defendant on notice of Plaintiff's patent rights described herein and requested that Defendant cease and desist its infringing activities. Defendant's patent infringement continues.

## COUNT I

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 8,006,429

20. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

21. Defendant has been making, using, selling, and offering to sell Infringing Products under the Nightforce ATACR and BEAST model names of scopes, and products with substantially equivalent structure and function, with adjustment knobs (an example is pictured below) that can be locked in a selected position about an axis of rotation through engagement members and surfaces and that can be unlocked for adjustment, which infringe *inter alia* claims 1, 9, 10, and various other claims of the '429 patent.



22.     Defendant has been infringing, directly and by inducement, the claims of the '429 patent in the United States, including in this Judicial District.

23.     Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

24.     Defendant's patent infringement has been willful with full knowledge of the '429 patent and Plaintiff's rights therein.

25.     Defendant's infringement of the '429 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

26.     As a direct and proximate result of Defendant's patent infringement, Plaintiff is entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

27.     Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorneys' fees and costs incurred in this action.

## COUNT II

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 8,516,736

28. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

29. Defendant has been making, using, selling, and offering to sell Infringing Products under the Nightforce ATACR and BEAST model names of scopes, and products with substantially equivalent structure and function, with adjustment knobs (an example is pictured below) that are lockable to prevent unwanted adjustments, containing an adjustment mechanism and an adjustment knob with a rotatable actuator and a locking mechanism having first and second portions that can be engaged and disengaged in respective locked and unlocked positions, which infringe *inter alia* claims 1, 2, 14, and various other claims of the '736 patent.



30. Defendant has been infringing, directly and by inducement, the claims of the '736 patent in the United States, including in this Judicial District.

31. Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

32. Defendant's patent infringement has been willful with full knowledge of the '736 patent and Plaintiff's rights therein.

Page 7   -   COMPLAINT FOR PATENT INFRINGEMENT

33. Defendant's infringement of the '736 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

34. As a direct and proximate result of Defendant's patent infringement, Plaintiff is entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

35. Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorneys' fees and costs incurred in this action.

## COUNT III

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 9,188,408

36. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

37. Defendant has been making, using, selling, and offering to sell Infringing Products under the Nightforce ATACR and BEAST model names of scopes, and products with substantially equivalent structure and function, with adjustment knobs (an example is pictured below) that are lockable to prevent unwanted adjustments and that include a rotating spindle carrying a button that is manually depressible transverse to an axis of rotation of the spindle to unlock the spindle for rotation, which infringe *inter alia* claims 1, 25, and various dependent claims of the '408 patent.



38.    Defendant has been infringing, directly and by inducement, the claims of the '408 patent in the United States, including in this Judicial District.

39.    Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

40.    Defendant's patent infringement has been willful with full knowledge of the '408 patent and Plaintiff's rights therein.

41.    Defendant's infringement of the '408 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

42.    As a direct and proximate result of Defendant's patent infringement, Plaintiff is entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

43.    Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorneys' fees and costs in this action.

## COUNT IV

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 9,170,068

44.     Plaintiff repeats and realleges each allegation above as if fully set forth herein.

45.     Defendant has been making, using, selling, and offering to sell Infringing Products under the Nightforce ATACR and BEAST model names of scopes, and products with substantially equivalent structure and function, with adjustment knobs (an example is pictured below) that are lockable to prevent unwanted adjustments, containing a rotating knob with a guide tab that is slidably received in a guideway and biased against a slide surface and toward a notch formed in the slide surface, which infringe *inter alia* claims 1, 5, 18, and various other claims of the '068 patent.



46.     Defendant has been infringing, directly and by inducement, the claims of the '068 patent in the United States, including in this Judicial District.

47.     Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

48.     Defendant's patent infringement has been willful with full knowledge of the '068 patent and Plaintiff's rights therein.

Page 10 -   COMPLAINT FOR PATENT INFRINGEMENT

49. Defendant's infringement of the '068 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

50. As a direct and proximate result of Defendant's patent infringement, Plaintiff is entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

51. Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorneys' fees and costs in this action.

## COUNT V

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 6,816,305

52. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

53. Defendant has been making, using, selling, and offering to sell Infringing Products under the ATACR, BEAST, and NXS model names of scopes (an example is pictured below), and products with substantially equivalent structure and function, with pre-assembled pivoting lens assemblies mounted within the scope housing, which include a pivot cartridge, a pivot tube coupled to the pivot cartridge, a lens assembly within the pivot tube, and a keying of the pivot tube to the pivot cartridge. Such activities infringe *inter alia* claims 1, 8, 26, 27 and various dependent claims of the '305 patent.



54.     Defendant has been infringing, directly and by inducement, the claims of the '305 patent in the United States, including in this Judicial District.

55.     Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

56.     Defendant's patent infringement has been willful with full knowledge of the '305 patent and Plaintiff's rights therein.

57.     Defendant's infringement of the '305 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

58.     As a direct and proximate result of Defendant's patent infringement, Plaintiff is entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

59.     Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorneys' fees and costs in this action.

## COUNT VI

## PATENT INFRINGEMENT

## UNITED STATES PATENT NO. 7,721,480

60.     Plaintiff repeats and realleges each allegation above as if fully set forth herein.

61.     Defendant has been making, using, selling, offering to sell, and importing Infringing Products under the Nightforce brand of flip up lens covers for objective lenses and eyepieces (an example is pictured below), and products with substantially equivalent structure and function, containing a lens cap, a spring that drives the lens cap toward an open position, a stop that interferes with spring-driven movement of the lens cap to brake the lens cap at an intermediate position from which the lens cap can be manually moved to the fully open position, and a detent that releasably retains the lens cap in the open position, which infringe *inter alia* claims 1, 2, 6, and various other claims of the '480 patent.



62.     Defendant has been infringing, directly and by inducement, the claims of the '480 patent in the United States, including in this Judicial District.

63.     Defendant's patent infringement has allowed Defendant to unfairly reap a substantial commercial and competitive advantage and savings in, *inter alia*, research, development, and operational time and cost.

Page 13 -   COMPLAINT FOR PATENT INFRINGEMENT

64. Defendant's patent infringement has been willful with full knowledge of the '480 patent and Plaintiff's rights therein.

65. Defendant's infringement of the '480 patent has caused, and unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendant from continuing to engage in patent infringement.

66. As a direct and proximate result of Defendant's patent infringement, Plaintiff is entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty.

67. Defendant's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiff to the attorneys' fees and costs in this action.

## PRAYER FOR RELIEF

WHEREFORE, Leupold prays for judgment as follows:

1. That the Court issue an injunction against Nightforce, its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

   a. restraining and enjoining, preliminarily and permanently, any direct, indirect, or joint infringement of the patents-in-suit; and

   b. requiring that Nightforce provide written notice of the injunction to all enjoined parties.

2. That Nightforce be ordered to compensate Leupold for Defendant's patent infringement, including actual damages no less than a reasonable royalty.

3. That the Court hold that Nightforce has willfully infringed and treble the awarded damages as provided by governing law.

4. That Nightforce be ordered to pay Leupold's attorneys' fees and costs as provided by governing law.

5. That Nightforce be ordered to pay Leupold pre- and post-judgment interest on all sums awarded.

6. That Leupold be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

DATED:  August 2, 2016.

        STOEL RIVES LLP


        /s/ Kassim M. Ferris
        KASSIM M. FERRIS, OSB No. 965260
        BRIAN C. PARK, *Pro Hac Vice forthcoming*
        ELLIOTT J. WILLIAMS. OSB 144835
        Telephone:  (503) 224-3380

        Attorneys for Plaintiff
        Leupold & Stevens, Inc.

Page 15 -   COMPLAINT FOR PATENT INFRINGEMENT