Scott E. Davis, OSB# 022883
Email: scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

*Attorney for Defendant*
LIGHTFORCE USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEUPOLD & STEVENS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,**<br><br>Defendant. | Civil Case No.: 3:16-cv-01570-HZ<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Lightforce USA, Inc. d/b/a Nightforce Optics ("Nightforce"), by its undersigned attorneys, answers and responds to the specific numbered paragraphs in the Complaint filed August 2, 2016, by Plaintiff Leupold & Stevens, Inc. ("Leupold"), as follows:

**GENERAL DENIAL**

Unless specifically admitted below, Nightforce denies each and every allegation made in the Complaint.

**NATURE OF THE ACTION**

1.  Nightforce admits that Leupold purports to state a claim based on the Patent Law of the United States, Title 35 of the United States Code. Nightforce denies that it has infringed

any valid claim of any asserted patent.

2. Denied.

## THE PARTIES

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Nightforce admits that Leupold purports to state a claim for patent infringement under Title 35 of the United States Code. Nightforce admits that this Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Admitted that the Court has personal jurisdiction over the parties and that venue is proper in this District. Nightforce specifically denies that it has committed any acts of infringement.

7. Admitted that Nightforce conducts business in Oregon and has contracts with Oregon companies and customers within Oregon. Otherwise denied.

## PLAINTIFF AND ITS RIGHTS

8. Denied.

9. Denied.

10. Admitted that United States Patent No. 8,006,429 ("the '429 patent"), on its face, is entitled *Locking Turret Knob*, is dated August 30, 2011, and identifies Leupold as the assignee. Admitted that a copy of the '429 patent appears to be attached to the Complaint as Exhibit 1. Denied that the '429 patent was duly and lawfully issued. Nightforce lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 10.

11. Admitted that United States Patent No. 8,516,736 ("the '736 patent"), on its face, is entitled *Locking Adjustment Knob for a Sighting Device*, is dated August 27, 2013, and identifies Leupold as the assignee. Admitted that a copy of the '736 patent appears to be attached to the Complaint as Exhibit 2. Denied that the '736 patent was duly and lawfully issued. Nightforce lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 11.

12. Admitted that United States Patent No. 9,188,408 ("the '408 patent"), on its face, is entitled *Auto-Locking Adjustment Device*, is dated November 17, 2015, and identifies Leupold as the assignee. Admitted that a copy of the '408 patent appears to be attached to the Complaint as Exhibit 3. Denied that the '408 patent was duly and lawfully issued. Nightforce lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 12.

13. Admitted that United States Patent No. 9,170,068 ("the '068 patent"), on its face, is entitled *Locking Adjustment Device*, is dated October 27, 2015, and identifies Leupold as the assignee. Admitted that a copy of the '068 patent appears to be attached to the Complaint as Exhibit 4. Denied that the '068 patent was duly and lawfully issued. Nightforce lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 13.

14. Admitted that United States Patent No. 6,816,305 ("the '305 patent"), on its face, is entitled *Pre-Assembled Pivoting Lens Unit*, is dated November 9, 2004, and identifies Leupold as the assignee. Admitted that a copy of the '305 patent appears to be attached to the Complaint as Exhibit 5. Denied that the '305 patent was duly and lawfully issued. Nightforce lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 14.

15. Admitted that United States Patent No. 7,721,480 ("the '480 patent"), on its face, is entitled *Pivoting Lens Covers for Riflescopes and the Like*, is dated May 25, 2010, and identifies Leupold as the assignee. Admitted that a copy of the '480 patent appears to be attached to the Complaint as Exhibit 6. Denied that the '480 patent was duly and lawfully issued. Nightforce lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 15.

## DEFENDANT AND ITS ACTIVITIES

16. Denied.

17. Denied.

18. Denied.

19. Admitted that Leupold provided a letter to Nightforce accusing certain of Nightforce's products of patent infringement under the patents-in-suit. Otherwise denied.

## COUNT I
## UNITED STATES PATENT NO. 8,006,429

20. Nightforce repeats and realleges each answer above.

21. Admitted that an image of a Nightforce product is shown. Otherwise denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## COUNT II
## UNITED STATES PATENT NO. 8,516,736

28. Nightforce repeats and realleges each answer above.

29. Admitted that an image of a Nightforce product is shown. Otherwise denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT III
## UNITED STATES PATENT NO. 9,188,408

36. Nightforce repeats and realleges each answer above.

37. Admitted that an image of a Nightforce product is shown. Otherwise denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT IV
## UNITED STATES PATENT NO. 9,170,068

44. Nightforce repeats and realleges each answer above.

45. Admitted that an image of a Nightforce product is shown. Otherwise denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT V
## UNITED STATES PATENT NO. 6,816,305

52. Nightforce repeats and realleges each answer above.

53. Admitted that an image of a Nightforce product is shown. Otherwise denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## COUNT VI
## UNITED STATES PATENT NO. 7,721,480

60. Nightforce repeats and realleges each answer above.

61. Admitted that an image of a Nightforce product is shown. Otherwise denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## LEUPOLD'S PRAYER FOR RELIEF

Nightforce denies that Leupold is entitled to any of the relief requested in its Prayer For

Relief and further denies any factual assertions contained therein.

## **DEFENSES**

Nightforce alleges and asserts the following defenses in response to Leupold's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Nightforce reserves the right to assert additional defenses and/or counterclaims if their existence is established through discovery, investigation or otherwise.

1. Nightforce does not and has not infringed, induced infringement of, or contributed to the infringement of, any claim of the '429, '736, '408, '068, '305, or '480 patents ("the Asserted Patents"), either literally or under the doctrine of equivalents, willfully or otherwise.

2. The Asserted Patents are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

3. The actions taken and representations made before the United States Patent and Trademark Office in procuring the Asserted Patents preclude Leupold from asserting or construing, whether literally or by the doctrine of equivalents, the claims of the Asserted Patents in a way that would cover or read upon any product or method made, used, sold, offered for sale or imported by Nightforce, or made, used, sold, or offered for sale or imported by another entity whose conduct forms the basis of an allegation that Nightforce contributed to or induced infringement.

4. Any claim for damages or equitable relief by Leupold is barred by the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

5. Leupold has failed to state a claim upon which relief can be granted.

6. Leupold has an adequate remedy at law, and no basis exists for the grant of equitable relief or exceptional relief.

7. Any claim by Leupold for damages is limited by the Patent Act, including without limitation 35 U.S.C. §§ 286, 287, and 288.

8. Leupold is precluded from recovering costs under 35 U.S.C. § 288.

9. Leupold is not entitled to injunctive relief because any alleged injury to them is not immediate or irreparable, the balance of hardships and public interest weights against the grant of injunction, Leupold unreasonably delayed, and Leupold has an adequate remedy at law.

10. To the extent that any accused technology has been used or manufactured by or for the United States, Leupold's claims and demands for relief are barred by 28 U.S.C. § 1498.

11. To the extent Leupold establishes any claim to relief, its claims are barred, in whole or in part, by its failure to mitigate damages.

## COUNTERCLAIMS

This is a civil action for declaratory judgment of non-infringement and invalidity of patents, arising under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and 2202. For its counterclaims against Plaintiff/Counter-Defendant Leupold, Defendant/Counter-Plaintiff Nightforce alleges as follows:

## THE PARTIES

1. Nightforce is a Washington corporation with its principal place of business in Orofino, Idaho.

2. Leupold has alleged in this action that it is a corporation organized and existing under the laws of the State of Oregon.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because these counterclaims arise under the patent laws of the United States as set forth in 35 U.S.C. § 1 *et seq.*

4.    The Court has personal jurisdiction over Leupold at least because it submitted to personal jurisdiction in this Court by filing the Complaint against Nightforce.

5.    Venue is permitted in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## ACTS GIVING RISE TO THE COUNTERCLAIMS

6.    By way of filing its Complaint, Leupold commenced a civil lawsuit against Nightforce, alleging that Nightforce infringed and is infringing one or more claims of the '429, '736, '408, '068, '305, or '480 patents (the "Asserted Patents").

7.    By such action, Leupold has created an actual and justiciable case and controversy between itself and Nightforce concerning whether the Asserted Patents are valid and/or enforceable, as well as whether Nightforce is infringing and/or has infringed any valid and/or enforceable claims of the Asserted Patents.

8.    Nightforce has not infringed, and is not infringing, either directly, indirectly, literally, by equivalents, contributorily, jointly, through inducement, willfully or otherwise, any valid, properly construed claim of the Asserted Patents.

9.    A true, actual and justiciable controversy has arisen and now exists between Nightforce and Leupold regarding the noninfringement and invalidity of the Asserted Patents.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '429 patent)

10.   Nightforce is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '429 patent, either literally or under the doctrine of equivalents. For example, none of the accused products provide a locking turret knob with an adjustment member being adjustably positionable about the axis of rotation when each engagement member does not engage an engagement surface and the

adjustment member being locked in a selected position about the axis of rotation when at least one engagement member engages an engagement surface as claimed.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '429 patent)

11.     The '429 patent is invalid, based upon its failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including without limitation 35 U.S.C. §§102, 103, and 112. For example, the claims are invalid as being anticipated by or obvious in view of U.S. Pat. 4,779,305 or U.S. Pat. Publ. 20030140525 which alone or in combination, in view of the knowledge in the art, teach or suggest and render obvious the subject matter of the claims. The claims lack enablement and written description for failing to provide sufficient disclosure for elements including "adjustment member," "adjustably positionable," "a first member," "proximity," "engagement member," "adjustably positionable about the axis of rotation," "each engagement member," "when each engagement member does not engage an engagement surface," "selected position," "locked in a selected position," and "engages." The claims are indefinite for failing to inform with reasonable certainly those skilled in the art about the scope of the invention for words and phrases including "adjustment member," "adjustably positionable," "a first member," "proximity," "engagement member," "adjustably positionable about the axis of rotation," "each engagement member," "when each engagement member does not engage an engagement surface," "selected position," "locked in a selected position," and "engages."

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '736 patent)

12.     Nightforce is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '736 patent, either literally or under the doctrine of equivalents. For example, none of the accused products provide

a locking mechanism in operative association with the actuator, the locking mechanism including a first portion non-rotatably coupled to the sighting device and a second portion coupled to the actuator such that the second portion rotates about the axis of rotation along with the actuator, the second portion selectively movable between locked and unlocked positions such that when the second portion is in the locked position the first and second portions are engaged so as to restrain the actuator from rotation about the axis of rotation and when the second portion is in the unlocked position the first and second portions are disengaged so that the actuator is rotatable about the axis of rotation for adjusting the setting of the sighting device (claims 1-14), a pin member coupled to the rotatable member such that the pin member rotates about the axis of rotation along with the rotatable member, wherein at least a portion of the pin member is configured to fit the spaced apart engagement features disposed on the locking member and the pin member is moveable between (1) a locked position in which at least a portion of the pin member engages one or more of the spaced apart engagement features such that the rotatable member is restrained from rotation about the axis of rotation and (2) an unlocked position in which the pin member disengages the spaced apart engagement features so that the rotatable member is rotatable about the axis of rotation relative to the locking member for adjusting the setting of the sighting device (claims 15-23), or an actuator coupled to the rotatable member such that the actuator rotates about the axis of rotation along with the rotatable member, wherein the actuator includes a surface having disposed thereon a second set of spaced apart engagement features configured to be engageable with the first set of spaced apart engagement features and the actuator is configured to be moveable linearly along the axis of rotation between (1) a locked axial position in which the first and second sets of spaced apart engagement features are engaged such that the rotatable member is restrained from rotation about the axis of rotation and (2) an unlocked axial position in which the first and second sets of spaced apart engagement features

are disengaged such that the rotatable member is rotatable about the axis of rotation relative to the locking member (claims 24-28).

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '736 patent)

13.     The '736 patent is invalid, based upon its failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including without limitation 35 U.S.C. §§102, 103, and 112. For example, the claims are invalid as being anticipated by or obvious in view of U.S. Pat. 4,779,305 or U.S. Pat. Publ. No. 20030140525 which alone or in combination, in view of the knowledge in the art, teach or suggest and render obvious the subject matter of the claims. The claims lack enablement and written description for failing to provide sufficient disclosure for elements including "adjustment mechanism," "supported," "an actuator," "operative association," "grippable," "locking mechanism," "non-rotatably coupled," "engaged," "engaged so as to restrain," and "pin member." The claims are indefinite for failing to inform with reasonable certainly those skilled in the art about the scope of the invention for words and phrases including "adjustment mechanism," "supported," "an actuator," "operative association," "grippable," "locking mechanism," "non-rotatably coupled," "engaged," "engaged so as to restrain," and "pin member."

## FIFTH COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '408 patent)

14.     Nightforce is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '408 patent, either literally or under the doctrine of equivalents. For example, none of the accused products provide an autolocking device with a button carried by the spindle for rotation therewith and manually depressible transverse to the axis, the button mechanically driving the locking mechanism such that manually depressing the button switches the locking mechanism from the locked condition,

wherein the locking mechanism interlocks with the engagement surface and prevents rotation of both the spindle and the button relative to the optical device, to the unlocked condition, wherein both the spindle and the button are rotatable about the axis relative to the optical device and the engagement surface (claims 1-23), a first and an opposing second button attached to the spindle for rotation therewith and manually depressible transverse to the axis, wherein the first and second buttons are moved toward each other when manually depressed and are biased away from each other, at least one of the first and second buttons mechanically driving the locking mechanism such that manually depressing the at least one of the first and second buttons switches the locking mechanism from the locked condition, wherein the locking mechanism interlocks with the engagement surface and prevents rotation of both the spindle and the button relative to the optical device, to the unlocked condition, wherein both the spindle and button are rotatable about the axis relative to the optical device and the engagement surface (claim 24), or a button carried by the spindle for rotation therewith and slidable supported on the knob, the button manually depressible transverse to the axis, the button mechanically driving the locking mechanism such that manually depressing the button switches the locking mechanism from the locked condition, wherein the locking mechanism interlocks with the engagement surface and prevents rotation of both the knob and the button relative to the optical device, to the unlocked condition, wherein both the knob and the button are rotatable about the axis relative to the optical device and the engagement surface (claim 25).

## SIXTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '408 patent)**

15. The '408 patent is invalid, based upon its failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including without limitation 35 U.S.C. §§ 102, 103, and 112. For example, the claims are invalid as being anticipated by or obvious in view of U.S.

Pat. 8,270,104, which alone or in combination with the knowledge in the art, teaches or suggests and renders obvious the subject matter of the claims. The claims lack enablement and written description for failing to provide sufficient disclosure for elements including "auto-locking," "engagement surface," "fixed relative to," "spindle," "rotatably supported," "optical device," "operatively coupled," "locking mechanism," "switchable," "locked condition," "unlocked condition," "button," "manually depressible," "transverse," "mechanically driving," "interlocks," and "prevents." The claims are indefinite for failing to inform with reasonable certainly those skilled in the art about the scope of the invention for words and phrases including "auto-locking," "engagement surface," "fixed relative to," "spindle," "rotatably supported," "optical device," "operatively coupled," "locking mechanism," "switchable," "locked condition," "unlocked condition," "button," "manually depressible," "transverse," "mechanically driving," "interlocks," and "prevents."

## SEVENTH COUNTERCLAIM
**(Declaratory Judgment of Noninfringement of the '068 patent)**

16.     Nightforce is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '068 patent, either literally or under the doctrine of equivalents. For example, none of the accused products provide a guideway including a slide surface extending around a rotational axis, and a notch formed in the slide surface or the relationship of such with a guide tab as claimed.

## EIGHTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '068 patent)**

17.     The '068 patent is invalid, based upon its failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including without limitation 35 U.S.C. §§ 102, 103, and 112. For example, the claims are invalid as being anticipated by or obvious in view of U.S. Pat. RE46,011 which alone or in combination with the knowledge in the art, teaches or suggests

and renders obvious the subject matter of the claims if the claims are interpreted to encompass the accused products. The claims lack enablement and written description for failing to provide sufficient disclosure for elements including "locking adjustment," "aiming device," "other aiming device," "guideway," "slide surface," "notch," "knob," "mountable," "installed," "guide tab," "slidably received," "moveable relative to," "biased against," "urge," "at least a portion of," "toward," "locked position," "aligned," "preventing," "inadvertent," "button," "rotation therewith," "manually depressed," and "manually rotated." The claims are indefinite for failing to inform with reasonable certainly those skilled in the art about the scope of the invention for words and phrases including "locking adjustment," "aiming device," "other aiming device," "guideway," "slide surface," "notch," "knob," "mountable," "installed," "guide tab," "slidably received," "moveable relative to," "biased against," "urge," "at least a portion of," "toward," "locked position," "aligned," "preventing," "inadvertent," "button," "rotation therewith," "manually depressed," and "manually rotated."

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '305 patent)

18.     Nightforce is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '305 patent, either literally or under the doctrine of equivalents. For example, Nightforce's accused products do not provide a fastener pivotally securing the pivot tube to the pivot cartridge, the first end of the pivot tube being keyed to the pivot cartridge independent of the housing to thereby limit rotation of the pivot tube about its longitudinal axis relative to the pivot cartridge after pre-assembly of the pivoting lens unit and before installation of the pre-assembled pivoting lens unit in the housing (claims 1-7). Further, Nightforce's accused products do not provide a pre-assembled pivoting lens unit at least partially received within the housing, the lens unit comprising: a pivot

cartridge coupled to the housing; a pivot tube having a longitudinal axis, the pivot tube comprising: a first end pivotably coupled to the pivot cartridge, a second end extending from the pivot cartridge and movable transversely to the longitudinal axis of the housing, and a lens assembly disposed within the pivot tube between the first and second ends, the first end of the pivot tube being keyed to the pivot cartridge independent of the housing to thereby limit rotation of the pivot tube about its longitudinal axis relative to the pivot cartridge after pre-assembly of the pivoting lens unit and before installation of the pre-assembled pivoting lens unit in the housing; and a fastener pivotally securing the pivot tube to the pivot cartridge (claims 8-15) or a resilient member (claims 16-25). Further, Nightforce does not manufacture products in this country carrying out the steps of claims 26 or 27, nor does it import into this country a product made by the claimed ordered steps of providing, pre-assembling, positioning, and securing. For example, no providing step occurs prior to pre-assembling.

## TENTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '305 patent)**

19.     The '305 patent is invalid, based upon its failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including without limitation 35 U.S.C. §§ 102, 103, and 112. For example, the claims are invalid in view of Nightforce's NXS line of products that were sold, offered for sale, known, and used in the United States more than one year prior to the earliest priority date of the '305 patent. To the extent the claims of the '305 encompass any of the accused products, Nightforce's NXS product line invalidates the same. The claims lack enablement and written description for failing to provide sufficient disclosure for elements including "pre-assembled," "for installation," "tubular housing," "optical sighting device," "pivot cartridge," sized," "be at least partially received," "pivot tube," "pivotably coupled," "movable transversely," "between the first and second ends," "fastener," "pivotally securing,"

"keyed to," "independent of the housing," "limit rotation," "after pre-assembly," "before installation," "resilient member," "biasing the pivot," "at least substantially circumscribes and receives," "orienting . . . along," "providing," "pre-assembling," "positioning," and "securing." The claims are indefinite for failing to inform with reasonable certainly those skilled in the art about the scope of the invention for words and phrases including "pre-assembled," "for installation," "tubular housing," "optical sighting device," "pivot cartridge," sized," "be at least partially received," "pivot tube," "pivotally coupled," "movable transversely," "between the first and second ends," "fastener," "pivotally securing," "keyed to," "independent of the housing," "limit rotation," "after pre-assembly," "before installation," "resilient member," "biasing the pivot," "at least substantially circumscribes and receives," "orienting . . . along," "providing," "pre-assembling," "positioning," and "securing."

### ELEVENTH COUNTERCLAIM
**(Declaratory Judgment of Noninfringement of the '480 patent)**

20.     Nightforce is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '480 patent, either literally or under the doctrine of equivalents. For example, the accused products do not provide a stop positioned to both interfere with a spring-driven movement of the lens cap and to separately brake the lens cap at an intermediate position between open and closed positions (asserted claims 1, 2, and 6).

### TWELFTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '480 patent)**

21.     The '480 patent is invalid, based upon its failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including without limitation 35 U.S.C. §§ 101, 103, and 112. For example, the claims are invalid under 35 U.S.C. §101 for claiming non-statutory subject matter. The claims are not directed to one of the accepted statutory classes. For example,

the claims encompass natural phenomena including animal eye/eyelid combinations and impermissibly encompass human beings. Further, the claims are invalid as being obvious in view of U.S. Pat. Publ. 20020167731, U.S. Pat. 6,213,654, U.S. Pat. Publ. 20030133709, and U.S. Pat. 3,840,883 which alone or in combination with the knowledge in the art, teach or suggest and render obvious the subject matter of the claims. The claims lack enablement and written description for failing to provide sufficient disclosure for elements including "lens cap," "adapted to be pivotably supported," "optical device," "for movement," "swing path," "closed position," "covers," "open position," "away from," "spring," "operatively engaging," "for driving," "toward," "stop," "interfere with," "brake," "intermediate position," "manual movement," "detent structure," "releasably engages," and "releasably retain." The claims are indefinite for failing to inform with reasonable certainly those skilled in the art about the scope of the invention for words and phrases including "lens cap," "adapted to be pivotably supported," "optical device," "for movement," "swing path," "closed position," "covers," "open position," "away from," "spring," "operatively engaging," "for driving," "toward," "stop," "interfere with," "brake," "intermediate position," "manual movement," "detent structure," "releasably engages," and "releasably retain."

### THIRTEENTH COUNTERCLAIM
**(Exceptional Case)**

22.     This case is exceptional under 35 U.S.C. § 285, and as a result, Nightforce is entitled to an award of its reasonable attorneys' fees incurred in the prosecution and defense of this action.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Nightforce respectfully requests that Judgment be entered in favor of Nightforce against Plaintiff Leupold and that Nightforce be granted the following relief:

    A.    Dismissal of Leupold's claims against Nightforce, with prejudice;

    B.    That the Court enter judgment in favor of Nightforce, and against Plaintiff Leupold;

    C.    That the Court declare the '429 patent invalid;

    D.    That the Court declare the '429 patent not infringed by Nightforce;

    E.    That the Court declare the '736 patent invalid;

    F.    That the Court declare the '736 patent not infringed by Nightforce;

    G.    That the Court declare the '408 patent invalid;

    H.    That the Court declare the '408 patent not infringed by Nightforce;

    I.    That the Court declare the '068 patent invalid;

    J.    That the Court declare the '068 patent not infringed by Nightforce;

    K.    That the Court declare the '305 patent invalid;

    L.    That the Court declare the '305 patent not infringed by Nightforce;

    M.    That the Court declare the '480 patent invalid;

    N.    That the Court declare the '480 patent not infringed by Nightforce;

    O.    That Leupold takes nothing by its Complaint against Nightforce;

    P.    That the Court deny any and all requests for injunctive relief by Plaintiff Leupold;

    Q.    That the Court deny any and all requests for equitable relief by Plaintiff Leupold;

    R.    That the Court dismiss Plaintiff's Complaint in its entirety, with prejudice;

    S.    That the Court find this case exceptional under 35 U.S.C. § 285, and award Nightforce its costs and fees in this action, including attorneys' fees; and

    T.    That the Court grant Nightforce such other and further relief as the Court deems just and proper.

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Nightforce hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

DATED December 6, 2016

Respectfully submitted,

By: *s/Scott E. Davis*
Scott E. Davis, OSB# 022883
Email: scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP

*Attorney for Defendant*
LIGHTFORCE USA, INC.