Kassim M. Ferris, OSB No. 965260
Nathan C. Brunette, OSB No. 090913
STOEL RIVES LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR  97205
Telephone: (503) 224-3380
Facsimile:  (503) 220-2480

Brian C. Park (*pro hac vice*)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone: (206) 386-7542
Facsimile:  (206) 386-7500

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LEUPOLD & STEVENS, INC.,<br><br>     Plaintiff / Counterclaim-Defendant,<br><br>v.<br><br>LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA.<br><br>     Defendant / Counterclaimant. | No. 3:16-cv-1570-HZ<br><br>**PLAINTIFF'S ANSWER AND DEFENSES TO COUNTERCLAIMS** |

Plaintiff / Counterclaim-Defendant Leupold & Stevens, Inc. ("Leupold") hereby responds to the Counterclaims (Dkt # 15) asserted by Defendant / Counterclaimant Lightforce USA, Inc. d/b/a Nightforce Optics and Nightforce USA ("Nightforce") as follows:

## THE PARTIES

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

5. Admitted.

## ACTS ALLEGED TO HAVE GIVEN RISE TO THE COUNTERCLAIMS

6. Admitted.

7. Admitted.

8. Denied.

9. Admitted that a true, actual, and justiciable case and controversy exists between the parties regarding patent infringement and validity.

## FIRST COUNTERCLAIM

10. Denied. Certain allegations set forth in paragraph 10 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

## SECOND COUNTERCLAIM

11. Denied. Certain allegations set forth in paragraph 11 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

## THIRD COUNTERCLAIM

12. Denied. Certain allegations set forth in paragraph 12 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

## FOURTH COUNTERCLAIM

13. Denied. Certain allegations set forth in paragraph 13 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

## FIFTH COUNTERCLAIM

14. Denied. Certain allegations set forth in paragraph 14 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

### SIXTH COUNTERCLAIM

15. Denied. Certain allegations set forth in paragraph 15 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

### SEVENTH COUNTERCLAIM

16. Denied. Certain allegations set forth in paragraph 16 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

### EIGHTH COUNTERCLAIM

17. Denied. Certain allegations set forth in paragraph 17 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

### NINTH COUNTERCLAIM

18. Denied. Certain allegations set forth in paragraph 18 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

### TENTH COUNTERCLAIM

19. Denied. Certain allegations set forth in paragraph 19 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

### ELEVENTH COUNTERCLAIM

20. Denied. Certain allegations set forth in paragraph 20 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a further response is required, Plaintiff denies the same.

### TWELFTH COUNTERCLAIM

21. Denied. Certain allegations set forth in paragraph 21 of the Counterclaims constitute or depend on conclusions of law, to which no response is required. To the extent a

further response is required, Plaintiff denies the same.

## THIRTEENTH COUNTERCLAIM

22.     Admitted that this case is exceptional under 35 U.S.C. § 285 due to Defendant/Counterclaimant's conduct.  Denied that there are any grounds to award Nightforce attorneys' fees, costs, or any other relief.  Certain allegations set forth in paragraph 22 of the Counterclaims constitute or depend on conclusions of law, to which no response is required.  To the extent a further response is required, Plaintiff denies the same.

## ADDITIONAL DEFENSES

Leupold incorporates by reference herein each and every allegation above and in the Complaint. Leupold further alleges and asserts the following defenses in response to Nightforce's Counterclaims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law regardless of how such defenses are denominated herein.  Leupold reserves the right to assert additional and revised defenses and/or claims if their existence is established through discovery, investigation, or otherwise.

1.     Nightforce's Counterclaims fail to state a claim upon which relief can be granted.

2.     Nightforce's Counterclaims are barred, in whole or in part, by the equitable doctrines of acquiescence, estoppel, laches, waiver, ratification, and/or unclean hands.

3.     The claims of the patents-in-suit are valid.

4.     Nightforce has infringed one or more claims of the patents-in-suit directly, contributorily, or by inducement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Leupold against Defendant and that Plaintiff be granted the following relief:

A.     Dismissal with prejudice of all Nightforce Counterclaims;

B.     Judgment in favor of Plaintiff against Defendant such that Defendant takes nothing by its Counterclaims;

C.     The relief requested in Plaintiff's Complaint;

D. An award to Leupold of attorneys' fees and costs as provided by governing law; and

E. Such other and further relief deemed just and proper by the Court.

DATED this 30th day of December, 2016.

Respectfully submitted,

STOEL RIVES LLP

*s/ Brian C. Park*
Kassim M. Ferris, OSB No. 965260
Nathan C. Brunette, OSB No. 090913
760 S.W. Ninth Ave., Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480
*kassim.ferris@stoel.com*
*nathan.brunette@stoel.com*

Brian C. Park (*pro hac vice*)
600 University Street, Suite 3600
Seattle, WA 98101-4109
Telephone: (206) 386-7542
Facsimile: (206) 386-7500
*brian.park@stoel.com*

Attorneys for Plaintiff / Counterclaim-Defendant
LEUPOLD & STEVENS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing PLAINTIFF'S ANSWER AND DEFENSES TO COUNTERCLAIMS was electronically filed today with the Clerk of the Court using the Court's CM/ECF system, which will send notification and serve such filing to all counsel for the parties who have appeared in this case.

Additionally, a true and correct copy of the foregoing was served today via U.S. Mail, postage prepaid, as follows:

> David A. Casimir, Ph.D.
> Casimir Jones, S.C.
> 2275 Deming Way, Suite 310
> Middleton, WI  53562

DATED: December 30, 2016.

> STOEL RIVES LLP
>
> *s/ Brian C. Park*
> BRIAN C. PARK (*pro hac vice*)
> Telephone: (206)-386-7542
>
> Attorneys for Plaintiff / Counterclaim-Defendant
> LEUPOLD & STEVENS, INC.