UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LEUPOLD & STEVENS, INC.,<br><br>Plaintiff / Counterclaim-Defendant,<br><br>v.<br><br>LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA.<br><br>Defendant / Counterclaimant. | No. 3:16-cv-1570-HZ<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

Plaintiff Leupold & Stevens, Inc. and Defendant Lightforce USA, Inc., by and through their attorneys of record, present this Joint Fed. R. Civ. P. 26(f) Report and Discovery Plan to the Court.

**1.      Nature and Complexity of the Case**

This is a complex patent case involving six patents-in-suit asserted against multiple accused products. The parties expect that at least one of the causes of action (Count VI directed to U.S. Patent No. 7,721,480, entitled *Pivoting Lens Covers for Riflescopes and the Like*) will be voluntarily dismissed pursuant to a settlement agreement, and the parties will apprise the Court if and when that occurs.

2.  **Discovery Plan**

(A).  <u>Initial Disclosures</u>:  Initial disclosures were served by the parties on January 13, 2017.

(B).  <u>Subject Matter of Discovery</u>:  In accordance with Fed. R. Civ. P. 26(b)(1) and the proposed case schedule (Section 3 below), the parties expect discovery on the subjects set forth in the pleadings related to the claims, defenses, and counterclaims.

(C).  <u>Electronically Stored Information (ESI)</u>:  The parties do not believe this case warrants adoption of the *Model Order Regarding E-Discovery in Patent Cases*.

(D).  <u>Confidentiality and Privilege Issues</u>:  The parties believe that a joint stipulated protective order under Fed. R. Civ. P. 26(c) is appropriate to protect the parties' confidential, proprietary information and documents. The parties contemplate presenting a proposed stipulated protective order, including a provision regarding the non-waiver of privilege and work product pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), for the Court's consideration.

(E).  <u>Proposed Discovery Limitations and Procedures</u>:  The parties do not believe that any changes should be made to the limitations on discovery and depositions imposed under by the Federal Rules of Civil Procedure at this time, and they agree to work in good faith to resolve matters, if such issues arise, on mutually agreeable terms without the need for Court intervention.

The parties agree that interrogatories directed to contentions about the patents-in-suit or accused products shall not be counted as multiple interrogatories based on multiplication by the number of patents-in-suit or accused products for purposes of the limitation of Fed. R. Civ. P. 33(a)(1).

The parties agree that discovery requests and responses, and any other document that must be served directly (as opposed to using the Court's CM/ECF system), may be served via electronic means to all counsel of record for the other party, subject to Fed. R. Civ. P. 5-6 and Local Rules 5-6 with a back-up copy of the main document (without attachments) being sent via United States Mail.

The parties agree in the interests of efficiency and proportionality that privilege/work product logs need not include information created or transmitted on or after the date of Plaintiff's cease and desist letter (March 9, 2016).

**3.     Case Schedule**

As prefaced in the motion for extension of the case schedule (Dkt # 8, at 2), the parties respectfully present the following proposed case schedule to allow sufficient time for the ordered discovery, planning, and briefing of threshold patent claim construction issues followed by expert reports, motions practice, and pre-trial and trial matters.  For convenience, the proposed case schedules is structured to have certain events triggered by the Court's scheduling of a *Markman* claim construction hearing and issuance of a *Markman* order in due course.

Where not inconsistent with the items described, the parties intend for the Local Patent Rules of the United States District Court for the Western District of Washington to provide guidance regarding the content and scope of the disclosures and contentions specified herein.

| **Event** | **Deadline** |
|---|---|
| Fed. R. Civ. P. 26(a) Initial Disclosures | Friday, January 13, 2017 |
| Disclosure of Asserted Claims, Infringement Contentions (Claim Charts), and Production of Patent Prosecution Histories | Wednesday, February 15, 2017 |
| Disclosure of Non-Infringement and Invalidity/Unenforceability Contentions  (Claim Charts) and Production of Prior Art | Wednesday, March 15, 2017 |
| Deadline to amend pleadings to add claims, defenses, or parties; simultaneous service of parties' Proposed Lists of Claim Terms for Construction (no more than 5 terms per party, per patent) | Wednesday, April 19, 2017 |
| Service of Proposed Constructions and Citations to All Intrinsic and Extrinsic Evidence Supporting each proposed construction; simultaneous service of all extrinsic evidence, including any opening *Markman* expert reports | Wednesday, May 17, 2017 |

| **Event** | **Deadline** |
|---|---|
| Service of any Rebuttal *Markman* Expert Reports | Wednesday, June 14, 2017 |
| Deadline to File Joint Claim Construction Chart (incorporating both parties' proposed constructions and supporting citations to intrinsic and extrinsic evidence) | Wednesday, July 12, 2017 |
| Completion of Claim Construction Discovery and Depositions | Wednesday, August 9, 2017 |
| Simultaneous Opening Claim Construction Briefs | Wednesday, September 13, 2017 |
| Simultaneous Responding Claim Construction Briefs | Wednesday, October 11, 2017 |
| Claim Construction Hearing | t/b/d by Court |
| Claim Construction Ruling Issued | t/b/d by Court |
| Amendment to Disclosure of Asserted Claims, Infringement/Non-Infringement Contentions, and Invalidity/Unenforceability Contentions with Supplemental Document Production (if any)<br><br>(*May be served without leave of Court only if prompted by good faith change in light of claim construction ruling different from that sought by amending party; any other amendment or amendment at another time requires leave of Court upon good cause.*) | 4 weeks after Claim Construction Ruling |
| Parties meet-and-confer and then jointly contact the Court to set a scheduling conference to schedule all pretrial deadlines and the trial date | w/in 1 month of Claim Construction Ruling |
| Close of Fact Discovery;<br>Deadline to File Discovery Motions re Fact Discovery | 2 months after Claim Construction Ruling |

| Event | Deadline |
|---|---|
| Deadline for Counsel to Confer re Method and Timing of ADR Procedures and File Joint ADR Report | 2 months after Claim Construction Ruling |
| Disclosure of Reliance Upon Advice of Counsel Defense | 2 months after Claim Construction Ruling |
| Opening Technical and Damages Expert Reports (Fed. R. Civ. P. 26(a)(2)(A)-(C)) | 4 months after Claim Construction Ruling |
| Rebuttal Technical and Damages Expert Reports (Fed. R. Civ. P. 26(a)(2)(D)(ii)) | 5 months after Claim Construction Ruling |
| Close of Expert and Advice of Counsel Discovery; Deadline to File Any Motions Relating to Expert Discovery | 6 months after Claim Construction Ruling |
| Deadline to File Any Dispositive Motions | 7 months after Claim Construction Ruling |
| Deadline to Complete ADR Procedures as Agreed in Joint ADR Report | 9 months after Claim Construction Ruling |

| **Event** | **Deadline** |
|---|---|
| Pretrial Conference, Pretrial Filings, and Trial Date | To be scheduled after Claim Construction Ruling<br><br>(*Parties meet-and-confer and then contact the Court within 1 month after Claim Construction Ruling to request scheduling conference*) |

DATED this 18th day of January, 2017.

Respectfully submitted,

| | |
|---|---|
| STOEL RIVES LLP<br><br>/s/ Kassim M. Ferris<br>Kassim M. Ferris, OSB No. 965260<br>Nathan C. Brunette, OSB No. 090913<br>760 S.W. Ninth Ave., Suite 3000<br>Portland, OR  97205<br>Telephone: (503) 224-3380<br>Facsimile:  (503) 220-2480<br>*kassim.ferris@stoel.com*<br>*nathan.brunette@stoel.com*<br><br><br>Brian C. Park (*pro hac vice*)<br>600 University Street, Suite 3600<br>Seattle, WA  98101-4109<br>Telephone: (206) 386-7542<br>Facsimile:  (206) 386-7500<br>*brian.park@stoel.com*<br><br>Attorneys for Plaintiff<br>LEUPOLD & STEVENS, INC. | KLARQUIST SPARKMAN, LLP<br><br>/s/ Scott E. Davis<br>Scott E. Davis, Esq., OSB No. 022883<br>One World Trade Center<br>121 SW Salmon Street, Suite 1600<br>Portland, OR  97204<br>*scott.davis@klarquist.com*<br>(503) 473-0933<br><br><br>CASIMIR JONES, S.C.<br><br>David A. Casimir, Esq. (*pro hac vice* forthcoming)<br>2275 Deming Way, Suite 310<br>Middleton, WI  53562<br>*dacasimir@casimirjones.com*<br>(608) 662-1277<br><br>Attorneys for Defendant<br>LIGHTFORCE USA, INC. |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing JOINT RULE 26(f) REPORT AND DISCOVERY PLAN was electronically filed today with the Clerk of the Court using the Court's CM/ECF system, which will send notification and serve such filing to all counsel for the parties who have appeared in this case.

DATED: January 18, 2017.

    STOEL RIVES LLP

    */s/ Brian C. Park*
    BRIAN C. PARK (*pro hac vice*)
    Telephone: (206)-386-7542

    Attorneys for Plaintiff
    LEUPOLD & STEVENS, INC.