Kassim M. Ferris, OSB No. 965260
Nathan C. Brunette, OSB No. 090913
STOEL RIVES LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR  97205
Telephone: (503) 224-3380
Facsimile:  (503) 220-2480

Brian C. Park (*pro hac vice*)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone: (206) 386-7542
Facsimile:  (206) 386-7500

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LEUPOLD & STEVENS, INC., | No. 3:16-cv-1570-HZ |
| Plaintiff / Counterclaim-Defendant, | **STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |
| v. | |
| LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA. | |
| Defendant / Counterclaimant. | |

## STIPULATION

IT IS HEREBY STIPULATED by and among Plaintiff Leupold & Stevens, Inc. and Defendant Lightforce USA, Inc. (each a "party" and collectively "the parties"), by and through their attorneys of record, that this Court may enter the following Stipulated Protective Order ("Protective Order") to safeguard confidential and attorneys' eyes only information produced or disclosed in this litigation.

This Protective Order is necessary because this case involves the parties' confidential and proprietary information.  The parties may make requests for information that would call for confidential, proprietary and/or trade secret information, and this information could lose its value

if disclosed to the public or improperly used outside of this litigation. During the course of this litigation, it is also likely that the parties' confidential, proprietary and/or trade secret information will be submitted to the Court to assist in ruling on various motions. This information could lose its value and legally protected status if disclosed to the public.

## PROTECTIVE ORDER

IT IS HEREBY ORDERED that the following Protective Order be entered in this matter and that the Parties shall follow the procedures set forth below with respect to information, documents, or things produced in this litigation:

To protect the confidentiality of proprietary and trade secret information contained in documents and other information disclosed in this litigation, the Court orders as follows:

1.     This Protective Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or other hearings, matters in evidence and other information that the disclosing party designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action. As used herein, "disclosing party" shall refer to the parties to this Protective Order and to other parties (whether other parties to this action or third parties) who give testimony or produce documents or other information.

2.     The following information may be designated as CONFIDENTIAL: any trade secret or other confidential or proprietary research, design, development, financial, or commercial information contained in any document, discovery response, or testimony;

3.     The following information may be designated as ATTORNEYS' EYES ONLY: information that would fall within the scope of Paragraph 2 but that the disclosing party in good faith reasonably believes to comprise particularly sensitive confidential material that warrants further restricted disclosure. Information may only be designated ATTORNEYS' EYES ONLY

if the disclosing party believes in good faith that designation as CONFIDENTIAL will not provide adequate protection.

4.      A disclosing party may also designate materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY if it contains information that the disclosing party, in good faith, believes is confidential or proprietary to a third party.

5.      Disclosing parties shall designate CONFIDENTIAL or ATTORNEYS' EYES ONLY information as follows:

(a).      In the case of discovery responses and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production:  CONFIDENTIAL or ATTORNEYS' EYES ONLY.  In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time of its production, that party shall have ten (10) business days after such production to so stamp or otherwise designate the document or other information.

(b).      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose CONFIDENTIAL or ATTORNEYS' EYES ONLY information the deponent has had access. If a party wishes to designate portions of a deposition transcript under this Protective Order after a deposition, that party's counsel shall make such designation within ten (10) business days after counsel's receipt of the final transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information, insert the list at the end of the transcript, and mail copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.  Pending such designation by counsel, the entire deposition transcript shall be deemed ATTORNEYS' EYES ONLY, except exhibits shall maintain their existing designations. If no designation is made during the deposition or within ten (10) business days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL or ATTORNEYS' EYES ONLY information.

(c).      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of hearings, trial, motions for summary judgment, or other matters.  If a deposition transcript is filed and if it contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal in accordance with governing rules.

(d).      Any CONFIDENTIAL or ATTORNEYS' EYES ONLY information produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be

designated as such by labeling the outside of such non-paper media as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  In the event such non-paper media is transmitted via email the producing party may designate the information produced as CONFIDENTIAL or ATTORNEYS' EYES ONLY by so identifying such media in the email.  In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page CONFIDENTIAL or ATTORNEYS' EYES ONLY and the hard copy, transcription or printout shall be treated as it is designated.

6.      If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

FILED UNDER SEAL: THIS DOCUMENT SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE STIPULATED PROTECTIVE ORDER

If portions of documents or other materials deemed "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

ATTORNEYS' EYES ONLY

FILED UNDER SEAL: THIS DOCUMENT SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE STIPULATED PROTECTIVE ORDER

The Clerk is directed to make available to all counsel of record, via remote electronic access, all documents filed under seal using the Court's CM/ECF system.

7.      All CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be used solely for the purposes of this litigation, including discovery, motions, trial and hearing preparation, and during trial or hearings and not for any other purpose.

8.      Disclosure of all CONFIDENTIAL information shall be limited to:

(a).    The outside attorneys of record working on this action on behalf of any party, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel of record;

(b).    Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters);

(c).    Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

(d).    Any person who is an author or recipient of that CONFIDENTIAL material.  Any person of whom testimony is taken regarding the CONFIDENTIAL information, except that such person may only be shown copies of CONFIDENTIAL information during his/her testimony, and may not retain a copy of such CONFIDENTIAL information;

(e).    Any person who is expressly retained or sought to be retained by any outside attorney described in paragraph 8(a) to assist in preparation of this action for trial, who is not employed by, affiliated with (whether as a consultant or otherwise), controlled by, agents of, or materially interested in any party or any competitor of any party, with disclosure only to the extent necessary to perform such work;

(f).    The parties and their employees who are required to work directly on this litigation, with disclosures only to the extent necessary to perform such work.

(g).    Persons (including employees of vendors) who are engaged by the parties for outside litigation support relating to this action, including for copy services, electronic discovery services, microfilming or database services, contract attorney services, trial support, jury consultant services, mock juries, graphics, sample analysis or testing, and/or translation, but only to the extent reasonably necessary to support outside counsel or otherwise further this litigation.

9.    ATTORNEYS' EYES ONLY information shall not be disclosed, except by the prior written consent of the disclosing party or third party, or pursuant to an order of this Court, to any person other than the following:

(a).    The outside attorneys of record working on this action on behalf of any party, and any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel of record.

(b).    Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken in this litigation or in which review is sought, including necessary stenographic and clerical personnel (e.g. court reporters).

(c).    Other qualified reporters taking and videographers recording testimony involving such information and necessary stenographic and clerical personnel thereof;

(d).    Any person who is an author or recipient of that ATTORNEYS' EYES ONLY material.  Any employee of the party producing such materials may be shown

copies of such material during his or her testimony, but may not retain a copy of such information following the deposition;

(e).     Any person who is expressly retained or sought to be retained by any outside attorney described in paragraph 9(a) to assist in preparation of this action for trial, who is not employed by, affiliated with (whether as a consultant or otherwise), controlled by, agents of, or materially interested in any party or any competitor of any party, with disclosure only to the extent necessary to perform such work.

(f).     Persons (including employees of vendors) who are engaged by the parties for outside litigation support relating to this action, including for copy services, electronic discovery services, microfilming or database services, contract attorney services, trial support, jury consultant services, mock juries, graphics, sample analysis or testing, and/or translation, but only to the extent reasonably necessary to support outside counsel or otherwise further this litigation.

10.     Nothing herein shall restrict the use of CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the disclosing party by the disclosing party.

11.     Prior to disclosure of any CONFIDENTIAL information to any persons in paragraphs 8(d), 8(e), 8(f), 8(g), and prior to disclosure of any ATTORNEYS' EYES ONLY information to any persons in paragraphs 9(d), 9(e), and 9(f), the procedure set forth in paragraph 12 and, if applicable, paragraph 13 shall be followed.

12.     Prior to the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information to persons in paragraphs 8(d), 8(e), 8(f), 8(g), 9(d), 9(e), or 9(f), the outside counsel of record in this litigation for the party making the disclosure shall advise each person that the information is CONFIDENTIAL or ATTORNEYS' EYES ONLY, can only be discussed with persons authorized by this Protective Order to view the material and can only be used for purposes of this litigation.  Counsel shall retain, but need not disclose, a copy of a signed Confidentiality Undertaking of each person to whom disclosure is made under paragraphs 8(d), 8(e), 8(f), 8(g), or 9(f).  Counsel shall retain and disclose to the other party a copy of a signed Confidentiality Undertaking of each person to whom disclosure is made under paragraph 8(e) and 9(e).  The written undertaking, which shall be in the form as illustrated in Appendix A hereto, shall acknowledge that he or she has read and understands this Protective Order, agrees to comply with this Protective Order, agrees that the CONFIDENTIAL or ATTORNEYS' EYES ONLY information will be used only to assist in this litigation, and agrees not to disclose or

discuss CONFIDENTIAL or ATTORNEYS' EYES ONLY information with any person other than those authorized by this Order to view the material and to use it only for the purposes of this litigation.

13.     At least 10 calendar days before disclosure of information designated as "Confidential" or "Attorneys' Eyes Only" to an Independent Expert under Paragraph 8(e) or 9(e), the party intending to disclose such information must provide to the producing party the Independent Expert's (1) current curriculum vitae or resume, (2) current employment and (3) list of any prior work for any party (including any parents or subsidiaries). If the producing party does not object to the disclosure in writing within 7 calendar days of receiving the foregoing information, then the producing party is deemed to have consented to the disclosure. However, a producing party may promptly object in writing to the Independent Expert's continued access to or use of "Confidential" or "Attorneys' Eyes Only" information where subsequently obtained facts provide the basis for a good faith objection. Any objection to disclosure of information to an Independent Expert must set forth the specific factual basis for the objection. If an objection is not resolved by way of informal conferences or correspondence, the producing party objecting to disclosure of information designated as "Confidential" or "Attorneys' Eyes Only" to an Independent Expert may file a motion for a protective order within 7 calendar days of the informal conferences or correspondence not resolving the objection and shall bear the burden of showing why disclosure should not be permitted. Once such a motion for a protective order is filed, "Confidential" or "Attorneys' Eyes Only" information shall not be disclosed to the Independent Expert at issue absent consent by the producing party or an order of the Court allowing the disclosure.  If such a motion is not timely filed, the objection on those grounds shall be deemed waived.

14.     A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing

party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before five (5) business days after the producing party is served with said written notice.

15.     Failure of counsel to designate or mark any document, thing, or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY information as provided above shall not preclude the disclosing party from thereafter in good faith making such designation and requesting the receiving party to so mark and treat such documents and things so designated even after the expiration of the "ten (10) business days" designation period described in paragraph 5(a). The receiving party, however, shall make reasonable efforts to assure that the materials are treated in accordance with the provisions of this Order, but shall not incur liability for disclosures made prior to notice of such designations.

16.     If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel of record for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

17.     Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or otherwise disclosed in a deposition or pre-trial proceeding, the producing party may exclude from the room any person, other than persons designated in paragraphs 8 or 9, as appropriate, for that portion of the deposition or pretrial proceeding. Before discussing or otherwise disclosing any "Confidential" or "Attorneys' Eyes Only" information at any hearing or at trial, any party other than the producing party for that information must give advance notice to the producing party. Upon request by the producing party, and subject to applicable legal standards relating to the right of

access to in-court proceedings, the Court may exclude such persons from all or part of a hearing or trial. Nothing in this Protective Order is intended to prevent a producing party or its employees from having access to or being examined regarding the producing party's own documents and information..

18.     Pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502(d), the disclosure by one party (through inadvertence, mistake, accident, or other error) of the substance of any document or communication entitled to protection under the attorney-client privilege or attorney work-product doctrine shall not constitute a waiver of such protection as to the subject matter of that, or related, documents or communications.  If during the discovery process in this case either party mistakenly produces a document entitled to protection as being privileged or work product, the producing party may, at any time prior to the commencement of trial, but in any event not more than fifteen (15) calendar days after the disclosure is first identified as containing potentially privileged or work product information (or identified/ marked as an exhibit), request the return or destruction of the document and all copies thereof.  Such a request must be made in writing and must identify the basis for the privilege or work product claimed.

19.     In the case of documents, if the party that received the document agrees that it is privileged or work product (without regard to its production), then the document and all copies shall promptly be returned to the producing party or destroyed, and no reference to such document shall be made in connection with the proof of the facts in this dispute.  If the party that received the document does not agree that the document was protected by privilege or work product, then it shall so notify the producing party within ten (10) calendar days of receiving written notice of the asserted privilege or work product protection.  In such event, the producing party may move the Court to resolve the question.  Unless the parties otherwise agree in writing, any such motion must be made within fifteen (15) calendar days of receiving notification that the recipient of the document disputes the claim of privilege or work product.  If the Court rules that the document is protected (without regard to the fact of production), then the party that received the document shall promptly return the document and all known copies to the producing party

(except that counsel of record may retain copies as needed for the sole purpose of seeking reconsideration or appellate review of the Court's ruling on the question of privilege) and shall make no reference to the document in connection with the proof of the facts or pursuit of judgment or settlement in this case.

20.    In the event that a party is required, by a valid discovery request to produce information in its possession, custody, or control that is subject to a confidentiality obligation to or a confidentiality agreement with a non-party, then the party from whom discovery is sought shall:

(a).    Promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b).    Promptly provide the non-party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c).    Make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this Court within five (5) business days of receiving the notice and accompanying information, the receiving party shall produce the non-party's information responsive to the discovery request, subject to other appropriate, good faith objections.  If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession, custody, or control that is subject to the confidentiality agreement or obligation with the non-party before a determination by the Court.  The non-party shall bear the burden or persuasion and expense of seeking protection in this Court of its protected material.

21.    Upon the request of the producing party or third party, within 60 days after the entry of a final judgment or dismissal no longer subject to appeal on the merits of this case, the parties and any person who received confidential information as authorized by this Protective Order shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. A producing party may require the return of original

materials (not copies) and shall pay the reasonable costs to do so. Notwithstanding anything else in this Protective Order, outside counsel of record for a party may retain archival copies of all documents and information subject to this Protective Order.

22.     Nothing in this Protective Order shall restrict the disclosure or use of any information or documents lawfully obtained by the receiving party (a) through means or sources outside of this litigation, (b) for this litigation from a person not asserting or under a duty to assert confidentiality, or (c) from publicly accessible sources (including information disclosed in open court or actually obtained by reverse engineering or analysis). Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

23.     Nothing herein shall prevent any party from moving the court for modification of this Protective Order for good cause.

24.     Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.

25.     Nothing herein shall be deemed to constitute a waiver of any objection a producing party may have to any discovery request or deposition question.  Nothing herein shall prevent any party from objecting to production of documents or objecting to other discovery requests on any available grounds, or from seeking alternative protective orders from the Court.

DATED this 18th day of January, 2017.

Respectfully submitted,

| | |
|---|---|
| STOEL RIVES LLP<br><br>/s/ Kassim M. Ferris<br>Kassim M. Ferris, OSB No. 965260<br>Nathan C. Brunette, OSB No. 090913<br>760 S.W. Ninth Ave., Suite 3000<br>Portland, OR 97205<br>Telephone: (503) 224-3380<br>*kassim.ferris@stoel.com*<br>*nathan.brunette@stoel.com*<br><br>Brian C. Park (*pro hac vice*)<br>600 University Street, Suite 3600<br>Seattle, WA 98101-4109<br>Telephone: (206) 386-7542<br>*brian.park@stoel.com*<br><br>Attorneys for Plaintiff<br>LEUPOLD & STEVENS, INC. | KLARQUIST SPARKMAN, LLP<br><br>/s/ Scott E. Davis<br>Scott E. Davis, OSB No. 022883<br>One World Trade Center<br>121 SW Salmon Street, Suite 1600<br>Portland, OR 97204<br>*scott.davis@klarquist.com*<br>(503) 473-0933<br><br>CASIMIR JONES, S.C.<br><br>David A. Casimir, Esq., Ph.D. (*pro hac vice* forthcoming)<br>2275 Deming Way, Suite 310<br>Middleton, WI 53562<br>*dacasimir@casimirjones.com*<br>(608) 662-1277<br><br>Attorneys for Defendant<br>LIGHTFORCE USA, INC. |

## **ORDER**

IT IS SO ORDERED.

DATED this ___3___ day of ___Feb___, 2017.

_____
THE HONORABLE MARCO A. HERNANDEZ
United States District Judge

# **APPENDIX A**

[Follows on next page]

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

LEUPOLD & STEVENS, INC.,

       Plaintiff / Counterclaim-Defendant,

       v.

LIGHTFORCE USA, INC. d/b/a
NIGHTFORCE OPTICS and
NIGHTFORCE USA.

       Defendant / Counterclaimant.

No. 3:16-cv-1570-HZ

**CONFIDENTIALITY UNDERTAKING**

I, _____, declare that:

1.     My address is _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____

_____

_____.

4.     I have carefully read and received a copy of the Protective Order entered in this action on _____.

5.     I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information contained in the Protective Order that I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

6.     I will return all confidential material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

7.     I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2017.

_____
*(Signature)*

_____
*(Name)*