David Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES S.C.
2275 Deming way, Ste 310
Middleton, WI 53562
Telephone: (608) 662-1277
Facsimile: (608) 662-1276

Scott E. Davis, OSB #022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB #001049
Email: todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

*Attorneys for Defendant*
LIGHTFORCE USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEUPOLD & STEVENS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,**<br><br>Defendant. | Civil Case No.: 3:16-cv-01570-HZ<br><br>**ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT AND DEFENDANT'S SUPPLEMENTAL COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Lightforce USA, Inc. d/b/a Nightforce Optics ("Nightforce"), by its undersigned attorneys, answers and responds to the specific numbered paragraphs in the Supplemental Complaint filed June 27, 2017, by Plaintiff Leupold & Stevens, Inc. ("Leupold").

Nightforce incorporates by reference all the allegations from the prior Answer (Dkt # 15) and First Amended Answer (Dkt # 31), and further alleges as follows:

## GENERAL DENIAL

Unless specifically admitted below, Nightforce denies each and every allegation made in the Supplemental Complaint.

## PLAINTIFF AND ITS RIGHTS

1. Admitted that United States Patent No. 9,665,120 ("the '120 patent"), on its face, is entitled *Locking Adjustment Knob*, is dated May 30, 2017, and identifies Leupold as the assignee. Admitted that a copy of the '120 patent appears to be attached to the Supplemental Complaint as Exhibit 1. Denied that the '120 patent was duly and lawfully issued. Nightforce lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 1.

## DEFENDANT SUPPLEMENTAL UNLAWFUL ACTIVITIES

2. Denied.

3. Denied.

4. Denied.

5. Admitted that Leupold provided a communication to Nightforce making Nightforce aware of the '120 patent. Otherwise denied.

## COUNT VIII
## PATENT INFRINGEMENT
## UNITED STATES PATENT NO. 9,665,120

6. Nightforce repeats and realleges each answer above.

7. Admitted that an image of a Nightforce product is shown. Otherwise denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## LEUPOLD'S PRAYER FOR RELIEF

Nightforce denies that Leupold is entitled to any of the relief requested in its Prayer For Relief and further denies any factual assertions contained therein.

## DEFENSES

Nightforce alleges and asserts the following defenses in response to Leupold's Supplemental Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Nightforce reserves the right to assert additional defenses and/or counterclaims if their existence is established through discovery, investigation or otherwise.

1. Nightforce does not and has not infringed, induced infringement of, or contributed to the infringement of, any claim of the '120 patent ("the Asserted Patent"), either literally or under the doctrine of equivalents, willfully or otherwise.

2. The Asserted Patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

3. The actions taken and representations made before the United States Patent and Trademark Office in procuring the Asserted Patent precludes Leupold from asserting or construing, whether literally or by the doctrine of equivalents, the claims of the Asserted Patent

in a way that would cover or read upon any product or method made, used, sold, offered for sale or imported by Nightforce, or made, used, sold, or offered for sale or imported by another entity whose conduct forms the basis of an allegation that Nightforce contributed to or induced infringement.

4. Any claim for relief by Leupold is barred by one or more of the equitable doctrines of laches, waiver, estoppel, and acquiescence.

5. Leupold has failed to state a claim upon which relief can be granted.

6. Leupold has an adequate remedy at law, and no basis exists for the grant of equitable relief or exceptional relief.

7. Any claim by Leupold for damages is limited by the Patent Act, including without limitation 35 U.S.C. §§ 286, 287, and 288.

8. Leupold is precluded from recovering costs under 35 U.S.C. § 288.

9. Leupold is not entitled to injunctive relief because any alleged injury to them is not immediate or irreparable, the balance of hardships and public interest weights against the grant of injunction, Leupold unreasonably delayed, and Leupold has an adequate remedy at law.

10. To the extent that any accused technology has been used or manufactured by or for the United States, Leupold's claims and demands for relief are barred by 28 U.S.C. § 1498.

11. To the extent Leupold establishes any claim to relief, its claims are barred, in whole or in part, by its failure to mitigate damages.

## COUNTERCLAIMS

This is a civil action for declaratory judgment of non-infringement and invalidity of a patent, arising under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and 2202.

For its counterclaims against Plaintiff/Counter-Defendant Leupold, Defendant/Counter-Plaintiff Nightforce alleges as follows:

## THE PARTIES

1. Nightforce is a Washington corporation with its principal place of business in Orofino, Idaho.

2. Leupold has alleged in this action that it is a corporation organized and existing under the laws of the State of Oregon.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because these counterclaims arise under the patent laws of the United States as set forth in 35 U.S.C. § 1 *et seq.*

4. The Court has personal jurisdiction over Leupold at least because it submitted to personal jurisdiction in this Court by filing the Supplemental Complaint against Nightforce.

5. Venue is permitted in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## ACTS GIVING RISE TO THE COUNTERCLAIMS

6. By way of filing a Supplemental Complaint, Leupold supplemented an existing civil lawsuit against Nightforce, further alleging that Nightforce infringed and is infringing one or more claims of the '120 patent (the "Asserted Patent").

7. By such action, Leupold has created an actual and justiciable case and controversy between itself and Nightforce concerning whether the Asserted Patent is valid and/or enforceable, as well as whether Nightforce is infringing and/or has infringed any valid and/or enforceable claims of the Asserted Patent.

8. Nightforce has not infringed, and is not infringing, either directly, indirectly, literally, by equivalents, contributorily, jointly, through inducement, willfully or otherwise, any valid, properly construed claim of the Asserted Patent.

9. A true, actual and justiciable controversy has arisen and now exists between Nightforce and Leupold regarding the noninfringement and invalidity of the Asserted Patent.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '120 patent)

10. Nightforce is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '120 patent, either literally or under the doctrine of equivalents. For example, none of the accused products provide a lock mechanism including a first lock element fixed to the sighting device and a second lock element selectively movable relative to the first lock element, wherein the first and second lock elements engage one another in a locked position to restrain rotation of the adjustment knob, and wherein the first and second lock elements are disengaged in an unlocked position to allow the adjustment knob to be rotated about the rotational axis.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '120 patent)

13. The '120 patent is invalid, based upon its failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including without limitation 35 U.S.C. §§102, 103, and 112. For example, the claims are invalid as being anticipated by or obvious in view US. Pat. 7,997,163 to Casas, the Power Dial on the Canon XL-2 video camera (released 2004), and U.S. Pat. Pub. 20030140545 to Huber, which alone or in combination, in view of the knowledge in the art, teach or suggest and render obvious the subject matter of the claims. The claims lack

enablement and written description for failing to provide sufficient disclosure for elements including: "adjustment mechanism," "operatively coupled," "lock mechanism," "first lock element," "second lock element," and "selectively moveable." The claims are indefinite for failing to inform with reasonable certainly those skilled in the art about the scope of the invention for words and phrases including: "adjustment mechanism," "operatively coupled," "lock mechanism," "first lock element," "second lock element," and "selectively moveable."

## THIRD COUNTERCLAIM
### (Exceptional Case)

22.     This case is exceptional under 35 U.S.C. § 285, and as a result, Nightforce is entitled to an award of its reasonable attorneys' fees incurred in the prosecution and defense of this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Nightforce respectfully requests that Judgment be entered in favor of Nightforce against Plaintiff Leupold and that Nightforce be granted the following relief:

A.     Dismissal of Leupold's claims against Nightforce, with prejudice;

B.     That the Court enter judgment in favor of Nightforce, and against Plaintiff Leupold;

C.     That the Court declare the '120 patent invalid;

D.     That the Court declare the '120 patent not infringed by Nightforce;

E.     That Leupold takes nothing by its Supplemental Complaint against Nightforce;

F.     That the Court dismiss Plaintiff's Complaint in its entirety, with prejudice;

G.     That the Court find this case exceptional under 35 U.S.C. § 285, and award Nightforce its costs and fees in this action, including attorneys' fees; and

H.   That the Court grant Nightforce such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Nightforce hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

DATED July 11, 2017

Respectfully submitted,

By: *s/ Scott E. Davis*
Scott E. Davis, OSB # 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB #001049
todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP

*Attorneys for Defendant*
*LIGHTFORCE USA, INC.*