IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEUPOLD & STEVENS, INC.,   No. 3:16-cv-01570-HZ

    Plaintiff,   OPINION & ORDER

  v.

LIGHTFORCE USA, INC. d/b/a
NIGHTFORCE OPTICS and
NIGHTFORCE USA,

    Defendant.

Kassim M. Ferris
Nathan C. Brunette
Elliot J. Williams
Stoel Rives LLP
760 S.W. Ninth Ave., Suite 3000,
Portland, OR 97205

OPINION & ORDER - 1

Brian C. Park
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 97205

    Attorneys for Plaintiff

Scott E. Davis
Todd M. Siegel
Klarquist Sparkman, LLP
121 S.W. Salmon St., Ste. 1600
Portland, OR 97204

David A. Casimir
Casimir Jones, S.C.
2275 Deming Way, Ste. 310
Middleton, WI 53562

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Before the Court is Plaintiff's motion for leave to amend [46]. Plaintiff moves for leave to supplement its complaint to add claims based on two certificates of correction for U.S. Patent No. 9,665,120 ("the '120 Patent") issued by the United States Patent and Trademark Office ("USPTO"). Defendant opposes the Motion. Upon review of the parties' arguments and the relevant law, the Court GRANTS Plaintiff's Motion.

## BACKGROUND

Plaintiff and Defendant design, manufacture, and sell, among other things, optical scopes and components. Am. Compl. ¶¶ 2–4, ECF 28. Plaintiff filed its Amended Complaint on April 20, 2017, one day after the deadline to file amended pleadings. *Id.*; *see also* Minutes of Proceedings, Feb. 7, 2017, ECF 25. Plaintiff alleged that Defendant's products infringed several of its patents. Am. Compl. ¶ 2. On May 30, 2017, the USPTO issued the '120 Patent. *See* Pl.'s Mot. for Leave to File Supp. Claim for Patent Infringement Based on Certificates of Correction,

Ex. 1, ECF 46 [hereinafter "Pl.'s Mot. for Leave"].The Court granted the parties' joint motion to permit Plaintiff to file supplemental claims based on the '120 Patent. *See* Order, June 27, 2017, ECF 36. Plaintiff's supplemental Claim VIII alleges, in relevant part, that some of Defendant's riflescopes and other products infringe the '120 Patent. *See* Supp. Compl. ¶ 2, ECF 37. On July 4 and September 19, 2017, the USPTO issued certificates of correction making minor changes to the '120 Patent. *See* Pl.'s Mot. for Leave, Exs. 2 & 3. On October 13, 2017, Plaintiff filed its Motion, seeking leave to amend Claim VIII based on the certificates of correction. Defendant opposes the Motion, arguing that Plaintiff has not shown good cause to amend the scheduling order and that Plaintiff's proposed amendment would be improper under Rule 15 of the Federal Rules of Civil Procedure. Def.'s Resp., ECF 49.

## STANDARDS

When a party seeks leave to amend under Rule 15 after the date specified in the scheduling order, the district court must first determine whether that party has shown "good cause" for amending the scheduling order under Rule 16(b). *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If the moving "party was not diligent, the inquiry should end." *Branch Banking & Trust Co.*, 871 F.3d at 764 (quoting *Johnson*, 975 F.2d at 607–08). On the other hand, if "good cause" is shown, "the party must demonstrate that amendment was proper under Rule 15." *Johnson*, 975 F.3d at 609 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987)).

A party may move for leave to supplement pleadings under Rule 15(d). Fed. R. Civ. P. 15(d). "A district court 'shall grant leave to amend freely when justice so requires.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)). The Ninth Circuit "ha[s] stated that 'this policy is to be applied with extreme liberality.'" *Id.* (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)). Courts consider the following four *Foman* factors in determining whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Id.* (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.1999)).

**DISCUSSION**

Plaintiff filed its Motion for Leave after the scheduled deadline for such filings and the Court must therefore determine whether Plaintiff has shown "good cause" to modify the scheduling order under Rule 16 before considering whether amendment is proper under Rule 15. The parties dispute whether Plaintiff was diligent in seeking to amend based on the certificates of correction. The parties also dispute whether a balancing of the four *Foman* factors supports granting leaving to amend.

**I.      "Good Cause"**

The issue is whether Plaintiff was diligent in seeking amendment based on the certificates of correction. The Court adopted the parties' proposed case schedule contained in their Joint Rule 16(f) Report [18], setting April 19, 2017, as the deadline to amend pleadings to add claims. *See* Minutes of Proceedings, Feb. 7, 2017. The '120 Patent was not issued until May 30, 2017, after the deadline to amend pleadings had passed. *See* Pl.'s Mot. for Leave, Ex. 1 at 1. On June 22, 2017, the parties filed a stipulated motion permitting Plaintiff to file a supplemental claim

under the '120 Patent. *See* Stip. Mot. for Leave to File Supp. Claim, ECF 35. The Court granted the parties' motion five days later on June 27, 2017. *See* Order, June 27, 2017. The USPTO issued a certificate of correction a week later on July 4, 2017 ("Certificate 1"). Pl.'s Mot. for Leave, Ex. 2. On September 19, 2017, a second certificate of correction was issued ("Certificate 2"). *Id.* at Ex. 3. The parties conferred on September 26, 2017, a week after the USPTO issued Certificate 2. Brunette Decl. ¶ 4, ECF 57. Plaintiff informed Defendant of its intent to file supplemental pleading based on Certificate 2. *Id.* Defendant's counsel then notified Plaintiff of its opposition to a supplemental pleading on September 29, 2017. *Id.* at ¶ 5. Plaintiff filed its Motion for Leave on October 13, 2017. Lastly, Defendant filed its Opening Claim Construction Brief [52] on November 8, 2017.

Based on this timeline, the Court concludes that Plaintiff was diligent and has satisfied Rule 16's "good cause" requirement. The April 19, 2017 deadline to amend pleadings could not have been met here. That deadline expired before the '120 Patent was issued. The Court granted the parties' stipulated motion to include a new claim based on the '120 Patent a week before Certificate 1 was issued. Certificate 1 made a single change to the '120 Patent's claims replacing "The adjustment apparatus of claim **6**" with "The adjustment apparatus of claim **8**." Pl.'s Mot. for Leave, Ex. 2. Approximately two and a half months later, the USPTO issued Certificate 2—a one-page document listing eleven claim corrections. The parties immediately conferred and Plaintiff filed its Motion for Leave fifteen days after Defendant signaled that it opposed the proposed amendment. Given that the '120 Patent was issued and included in this lawsuit after the deadline to file amended pleadings had passed and that the parties promptly conferred after the issuance of Certificate 2, the Court concludes that Plaintiff diligently sought amendment has shown "good cause" to amend the scheduling order.

**II.     Leave to Amend**

Next, the Court must determine whether Plaintiff's proposed amendment is proper under Rule 15. As outlined above, the Court must consider the following *Foman* factors when making this determination: "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens*, 244 F.3d at 712 (quoting *Griggs*, 170 F.3d at 880). "[T]he consideration of prejudice to the opposing party carries the greatest weight.*" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Defendant does not make arguments as to bad faith and undue delay distinct from its prejudice arguments. Accordingly, Defendant has failed to make a showing as to those factors and the Court will consider the remaining factors: prejudice and futility.

*A.     Prejudice*

Once the USPTO issues a certificate of correction, a plaintiff must either amend its complaint or file a new lawsuit for the purpose of enforcing the patent after the certificate's issuance date. 25 U.S.C. § 255. In other words, in this case, Plaintiff must file new claims based on the corrected versions of the '120 Patent; otherwise, Count VIII will be limited to the period beginning from the date when the '120 Patent was issued through the date that Certificate 1 was issued. Defendant contends that any amended claim based on the certificates of correction will require new claim construction procedures and briefing that will unduly prejudice Defendant. Specifically, Defendant argues that granting leave to amend will require separate claim construction procedures and new invalidity contentions, joint claim construction statement, and claim construction briefing. Def.'s Resp. 8.

The Court disagrees. A review of the certificates of correction, the parties' Joint *Markman* Claim Construction Chart [45], and the parties' opening claim construction briefs shows that Plaintiff's proposed amendment will not unduly prejudice Defendant. The single claim correction from Certificate 1 changed the digit of an internal cross-reference and is not the subject of the parties' proposed claim construction. Pl.'s Mot. for Leave, Ex. 2. Certificate 2 replaced "sighting device" with "riflescope" in Claim 17. *Id.* at Ex. 3. The original form of Claim 17 uses "riflescope" four other times and the USPTO's correction makes the claim's language consistent. *Id.* at Ex. 1, at p. 19. In any event, Defendant submitted its Opening Claim Construction Brief after Plaintiff filed its Motion for Leave. Defendant's brief includes proposed claim construction for *both* "sighting device" and "riflescope." *See* Def.'s Opening Claim Constr. Br. 18–23. Certificate 2 also replaced "second locking element" with "second lock element" in Claim 5. Pl.'s Mot. for Leave, Ex. 3. Defendant's brief accounted for that correction and includes proposed claim construction for "second lock element." Def.'s opening Claim Constr. Br. 18. The parties also stipulated that "second lock element" does not require any claim construction. *See* Joint *Markman* Claim Constr. Chart 1–2. Lastly, Certificate 2 replaces "axis of rotation" with "rotational axis" and replaces "lock release mechanism" with "lock-release mechanism." Pl.'s Mot. for Leave, Ex. 3. Neither party includes any claim construction for either the original or corrected versions of those terms in their Joint *Markman* Chart or in their opening claim construction briefs. In sum, Plaintiff's proposed amendment to Count VIII to include the corrected versions of the '120 Patent will not generate additional claim construction procedures and briefing as Defendant claims.

Judicial economy also favors granting Plaintiff leave. "Many courts have found that amending or supplementing the complaint to add a certificate of correction is appropriate in

order to apply the certificate of correction to infringing acts that occur after the date the certificate issues." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-BLF, 2014 WL 6386727, at *2 (N.D. Cal. Nov. 14, 2014) (collecting cases). The '120 Patent was issued on May 30 and Correction 1 was issued on July 4, 2017. In Defendant's view, Plaintiff's infringement claim based on the '120 Patent should be restricted to June of 2017. When the Court approved the parties' stipulate motion to include the '120 Patent in this lawsuit, the Court agreed to exercise its jurisdiction over that claim in the present dispute and did not envision additional judicial resources being spent on a separate lawsuit over the corrected versions of the '120 Patent. A parallel lawsuit based on the same underlying factual allegations of infringement and involving the same patent claims would be inefficient. *Sonoma Cty.*, 708 F.3d at 1118. Defendant "would not be prejudiced, because it should be 'fully prepared to litigate the substantive issues' of the claim, given that both the theory and the operative facts of the claim remain the same." *Id.* (quoting *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981)).

**B.** *Futility*

Lastly, Defendant argues that Plaintiff's proposed supplemental claims fail to properly plead venue and to state a claim. A motion to file an amendment is futile only where it is clear that "the complaint could not be saved by any amendment." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Defendant claims that Plaintiff has failed to allege that venue is proper under the Supreme Court's recent decision in *TC Heartland*. *See* Def.'s Resp. 5 (citing *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017)). Venue in patent cases is proper under 28 U.S.C. § 1400(b) in the "judicial district where the defendant resides, or where the defendant has committed acts of infringement and has

a regular and established place of business." In *TC Heartland*, the Supreme Court held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Defendant is incorporated in Washington and claims that it does not have a regular and established place of business in Oregon. Coleman Decl. ¶¶3–5, ECF 50.

As Plaintiff correctly points out, however, Defendant has already stipulated post-*TC Heartland* that venue in this district is proper with respect to the '120 Patent. *See* Stip. Mot. for Leave to File Supp. Claim; Answer to Pl.'s Supp. Compl. & Def's Supp. Counterclaims ¶¶ 3–5, ECF 41 (stating that venue is proper under 28 U.S.C. §§ 1331, 1338, 1391, and 1400(b)). Defendant has waived any objection to venue regarding the '120 Patent based on *TC Heartland*. Because Defendant has stipulated to venue and affirmatively sought jurisdiction over its counterclaim as to the '120 Patent after *TC Heartland* was decided, it cannot invoke that decision as an intervening change in law exempt from the doctrine of waiver. *See Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999) (citing Curtis Publ'g Co. v. Butts, 388 U.S. 130, 142–45 (1967) (stating that the intervening law exception to waiver applies where the failure to raise the issue was not unreasonable and the intervening change in law recognizes an issue that was not previously available).

Lastly, defendant argues that Plaintiff's proposed complaint contains only generic allegations of infringement in paragraph 11 that are insufficient to state a claim or support a finding of willful infringement. Assuming that Plaintiff insufficiently alleged infringement in Count VIII, an amendment to the complaint could cure that deficiency and therefore would not be futile.

On balance, the *Foman* factors favor granting Plaintiff leave to amend.

## CONCLUSION

Plaintiff's Motion for Leave to File Supplemental Claim for Patent Infringement Based on Certificates of Correction [46] is GRANTED. The Court grants Plaintiff seven days to file its proposed second supplemental complaint.

Dated this 3 day of Jan 2018.

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge