Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email:  todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Facsimile: (503) 595-5301

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES, S.C.
2275 Deming Way, Ste. 310
Middleton, WI 53562
Telephone: (608) 662-1277
Facsimile: (608) 662-1276

*Attorney for Defendant*
LIGHTFORCE USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEUPOLD & STEVENS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,**<br><br>Defendant. | Civil Case No.: 3:16-cv-01570-HZ<br><br>**ANSWER TO PLAINTIFF'S SECOND SUPPLEMENTAL COMPLAINT AND DEFENDANT'S SECOND SUPPLEMENTAL COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Lightforce USA, Inc. d/b/a Nightforce Optics ("Nightforce"), by its

undersigned attorneys, answers and responds to the specific numbered paragraphs in the Second

Supplemental Complaint filed January 5, 2018, by Plaintiff Leupold & Stevens, Inc.

("Leupold").  Nightforce incorporates by reference all the allegations from the prior Answer

(ECF No. 15), First Amended Answer (ECF No. 31), and Answer to Plaintiff's Supplemental Compliant (ECF No. 64), and further alleges as follows:

## GENERAL DENIAL

Unless specifically admitted below, Nightforce denies each and every allegation made in the Second Supplemental Complaint.

## PLAINTIFF AND ITS RIGHTS

1. Admitted that United States Patent No. 9,665,120 ("the '120 patent"), on its face, is entitled *Locking Adjustment Knob*, is dated May 30, 2017, and identifies Leupold as the assignee. Admitted that a copy of the '120 patent appears to be attached to the Second Supplemental Complaint as Exhibit 1. Admitted that the '120 patent claims priority to U.S. Patents 8,006,429 and 8,516,736. Denied that the '120 patent was duly and lawfully issued. Nightforce lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 1.

2. Admitted that the USPTO issued a certificate of correction (Certificate 1) as to the '120 patent on July 4, 2017. Denied that Certificate 1 is effective for acts of infringement occurring on and after July 4, 2017.

3. Admitted that the USPTO issued a certificate of correction (Certificate 2) as to the '120 patent on September 19, 2017. Denied that Certificate 2 is effective for acts of infringement occurring on and after September 19, 2017.

4. Nightforce lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 4.

## DEFENDANT SUPPLEMENTAL UNLAWFUL ACTIVITIES

5. Denied.

6. Denied.

Case 3:16-cv-01570-HZ    Document 68    Filed 01/19/18    Page 3 of 9

7. Denied.

8. Admitted that Leupold provided a communication to Nightforce making Nightforce aware of the '120 patent. Otherwise denied.

### COUNT VIII
### PATENT INFRINGEMENT
### UNITED STATES PATENT NO. 9,665,120

8. (repeated in complaint)  Nightforce repeats and realleges each answer above.

9. Admitted that an image of a Nightforce product is shown. Otherwise denied.

10. Denied.

11. Admitted that the recited chart is attached as Exhibit 2.  Otherwise, denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

### LEUPOLD'S PRAYER FOR RELIEF

Nightforce denies that Leupold is entitled to any of the relief requested in its Prayer For Relief and further denies any factual assertions contained therein.

### DEFENSES

Nightforce alleges and asserts the following defenses in response to Leupold's Second Supplemental Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Nightforce reserves the right to assert additional defenses and/or counterclaims if their existence is established through discovery, investigation or otherwise.

ANSWER TO PLAINTIFF'S SECOND SUPPLEMENTAL COMPLAINT
AND DEFENDANT'S SECOND SUPPLEMENTAL COUNTERCLAIMS          Page 3

1. Nightforce does not and has not infringed, induced infringement of, or contributed to the infringement of, any claim of the '120 patent as corrected by Certificates 1 and 2 ("the Corrected Patent"), either literally or under the doctrine of equivalents, willfully or otherwise.

2. The Corrected Patent is invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 255.

3. The actions taken and representations made before the United States Patent and Trademark Office in procuring the Corrected Patent precludes Leupold from asserting or construing, whether literally or by the doctrine of equivalents, the claims of the Corrected Patent in a way that would cover or read upon any product or method made, used, sold, offered for sale or imported by Nightforce, or made, used, sold, or offered for sale or imported by another entity whose conduct forms the basis of an allegation that Nightforce contributed to or induced infringement.

4. Any claim for damages or equitable relief by Leupold is barred by the equitable doctrines of laches, waiver, estoppel, and/or acquiescence.

5. Leupold has failed to state a claim upon which relief can be granted.

6. Leupold has an adequate remedy at law, and no basis exists for the grant of equitable relief or exceptional relief.

7. Any claim by Leupold for damages is limited by the Patent Act, including without limitation 35 U.S.C. §§ 286, 287, and 288.

8. Leupold is precluded from recovering costs under 35 U.S.C. § 288.

9. Leupold is not entitled to injunctive relief because any alleged injury to them is not immediate or irreparable, the balance of hardships and public interest weights against the grant of injunction, Leupold unreasonably delayed, and Leupold has an adequate remedy at law.

10. To the extent that any accused technology has been used or manufactured by or for the United States, Leupold's claims and demands for relief are barred by 28 U.S.C. § 1498.

11. To the extent Leupold establishes any claim to relief, its claims are barred, in whole or in part, by its failure to mitigate damages.

## COUNTERCLAIMS

This is a civil action for declaratory judgment of non-infringement and invalidity of a patent, arising under the Declaratory Judgment Act, specifically, 28 U.S.C. §§ 2201 and 2202. For its counterclaims against Plaintiff/Counter-Defendant Leupold, Defendant/Counter-Plaintiff Nightforce alleges as follows:

## THE PARTIES

1. Nightforce is a Washington corporation with its principal place of business in Orofino, Idaho.

2. Leupold has alleged in this action that it is a corporation organized and existing under the laws of the State of Oregon.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because these counterclaims arise under the patent laws of the United States as set forth in 35 U.S.C. § 1 *et seq.*

4. The Court has personal jurisdiction over Leupold at least because it submitted to personal jurisdiction in this Court by filing the Second Supplemental Complaint against Nightforce.

5. Venue is permitted in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## ACTS GIVING RISE TO THE COUNTERCLAIMS

6. By way of filing a Second Supplemental Complaint, Leupold supplemented an existing civil lawsuit against Nightforce, further alleging that Nightforce infringed and is infringing one or more claims of the Corrected Patent.

7. By such action, Leupold has created an actual and justiciable case and controversy between itself and Nightforce concerning whether the Corrected Patent is valid and/or enforceable, as well as whether Nightforce is infringing and/or has infringed any valid and/or enforceable claims of the Corrected Patent.

8. Nightforce has not infringed, and is not infringing, either directly, indirectly, literally, by equivalents, contributorily, jointly, through inducement, willfully or otherwise, any valid, properly construed claim of the Corrected Patent.

9. A true, actual and justiciable controversy has arisen and now exists between Nightforce and Leupold regarding the noninfringement and invalidity of the Corrected Patent.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of the '120 patent as corrected)

10. Nightforce is not infringing, and has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '120 patent as corrected by Certificates 1 and 2, either literally or under the doctrine of equivalents. For example, none of the accused products provide i) a lock mechanism including a first lock element fixed to the sighting device and a second lock element selectively movable relative to the first lock element, wherein the first and second lock elements engage one another in a locked position to restrain rotation of the adjustment knob, and wherein the first and second lock elements are disengaged in an unlocked position to allow the adjustment knob to be rotated about the rotational axis, and/or ii) provide first and second lock elements engaging one another in a locked position to

restrain rotation of the adjustment knob about the rotational axis.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '120 patent as corrected)

11.     The '120 patent as corrected by Certificates 1 and 2 is invalid, based upon its failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.,* including without limitation 35 U.S.C. §§102, 103, 112, and 255. For example, the claims are invalid as being anticipated by or obvious in view US. Pat. 7,997,163 to Casas, the Power Dial on the Canon XL-2 video camera (released 2004), U.S. Pat. Pub. 20030140545 to Huber, and JP2004150699 which alone or in combination, in view of the knowledge in the art, teach or suggest and render obvious the subject matter of the claims. The claims lack enablement and written description for failing to provide sufficient disclosure for elements including: "adjustment mechanism," "operatively coupled," "lock mechanism," "first lock element," "second lock element," and "selectively moveable."  The claims are indefinite for failing to inform with reasonable certainly those skilled in the art about the scope of the invention for words and phrases including:  "adjustment mechanism," "operatively coupled," "lock mechanism," "first lock element," "second lock element," and "selectively moveable."

12.     The Certificates of Correction are improper under 35 U.S.C. § 255. The certificates: improperly change the dependency of claims; are not correcting clerical or typographical errors; and introduce new matter or require reexamination. Certificate 1 improperly changes the dependency of Claim 9, and Certificate 2 improperly changes "sighting device" to "riflescope" in Claim 17.  These are not mistakes, and instead seek to introduce new matter (e.g., "riflescope" does not appear in the '120 patent), and should be the subject of a Reexamination, not Certificates of Correction.  Certificate 2 changes "axis of rotation" to "rotational axis" in Claims 9, 11, 13, and 20. These are not mistakes, and instead possibly seek

to change the scope of the claims (e.g., the new "rotational axis" does not appear in the '120 as originally filed, and therefore seeks to add new matter), and therefore should be the subject of a Reexamination, not Certificates of Correction.

## THIRD COUNTERCLAIM
### (Exceptional Case)

13. This case is exceptional under 35 U.S.C. § 285, and as a result, Nightforce is entitled to an award of its reasonable attorneys' fees incurred in the prosecution and defense of this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Nightforce respectfully requests that Judgment be entered in favor of Nightforce against Plaintiff Leupold and that Nightforce be granted the following relief:

A. Dismissal of Leupold's claims against Nightforce, with prejudice;

B. That the Court enter judgment in favor of Nightforce, and against Plaintiff Leupold;

C. That the Court declare the '120 patent, as corrected, invalid;

D. That the Court declare the '120 patent, as corrected, not infringed by Nightforce;

E. That Leupold takes nothing by its Second Supplemental Complaint against Nightforce;

F. That the Court find Certificate 1 and Certificate 2 invalid for failure to satisfy 35 U.S.C 255;

G. That the Court find Certificate 1 and Certificate 2 invalid for broadening and/or changing the scope of the '120 claims;

H. That Leupold take nothing by its improper Certificate 1 and Certificate 2;

I. That the Court dismiss Plaintiff's Second Supplemental Complaint in its entirety, with prejudice;

J. That the Court find this case exceptional under 35 U.S.C. § 285, and award Nightforce its costs and fees in this action, including attorneys' fees; and

K. That the Court grant Nightforce such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, Nightforce hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

DATED January 19, 2018

Respectfully submitted,

By: *s/Todd S. Siegel*
Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES, S.C.

*Attorney for Defendants*
LIGHTFORCE USA, INC.