Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES, S.C.
2275 Deming Way, Ste. 310
Middleton, Wisconsin 53562
Telephone: (608) 662-1277

*Attorneys for Defendant*
LIGHTFORCE USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEUPOLD & STEVENS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,**<br><br>Defendant. | Civil Case No.: 3:16-cv-01570-HZ<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT 9,170,068**<br><br>**REQUEST FOR ORAL ARGUMENT** |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. LEUPOLD OFFERS NO EVIDENCE THAT EITHER ACCUSED DEVICE HAS A SLIDE SURFACE THAT EXTENDS "AROUND" THE ROTATIONAL AXIS ............................................ 1

III. LEUPOLD FAILS TO MEET ITS BURDEN OF PRODUCTION REGARDING ALLEGED INFRINGING SALES OF THE SA-271 DEVICE ................ 7

IV. CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

Page

**Cases**

*FastShip, LLC v. United States*,
   892 F.3d 1298 (Fed. Cir. 2018) ............................................................................................... 5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915 (2014) ................................................................................................................ 7

## I.      INTRODUCTION

In asserting patent infringement, Plaintiff Leupold has the burden of proof and production. It must adduce evidence that each accused Nightforce product practices each element of each asserted patent claim. In opposing Nightforce's motion for summary judgment of non-infringement of the '068 patent, however, Leupold has only offered lawyer argument, attempting to manufacture a question of fact where none exists by relying on a misleading annotation of one of the accused Nightforce products. As discussed below, this annotation is not evidence, appeared for the first time in Leupold's opposition, and mischaracterizes the facts that are in the record. In short, Leupold has presented no credible evidence of infringement, and because there is no genuine dispute of fact, Nightforce's motion for summary judgment of non-infringement should be granted.

## II.     LEUPOLD OFFERS NO EVIDENCE THAT EITHER ACCUSED DEVICE HAS A SLIDE SURFACE THAT EXTENDS "AROUND" THE ROTATIONAL AXIS

Nightforce's motion revolves around a single patent claim limitation that is absent from all of the accused products, warranting summary judgment of non-infringement. Specifically, every claim of the '068 patent requires, among other things, "a guideway including a slide surface extending around a rotational axis, and a notch formed in the slide surface." (ECF No. 1-4, at 11:4-5.) This limitation is in claim 1, the only independent claim of the patent, and thus in all claims. Nightforce's motion explained that the accused products do not infringe because they do not have a slide surface that extends around a rotational axis. (ECF No. 89 at 3-5.)

Non-infringement is indisputable as a result of this Court's Claim Construction Order. In that Order, this Court noted that the parties "dispute[d] whether this term ['around'] means that the slide surface can be on a single side of the rotational axis or whether it must extend around multiple sides of the rotational axis." (ECF No. 69 at 17.) Having lost that argument as a matter

of law, Leupold has changed tack, and (to take the SA-267 as an example) now alleges that the round ring shown in the image below is the "slide surface," a point its attorneys have illustrated by adding a yellow ring to an image taken from the report of their proffered expert, Mr. Byron:



(ECF No. 122 at 3.)

Leupold's argument suffers at least two fatal defects. First, since claim construction is a question of law, Leupold's continued arguments about how the claim term "slide surface" should be construed do not raise a genuine dispute as to any material fact. Second, Leupold offers no evidence that any sliding occurs on multiple sides of the axis in either accused device, the SA-267 or the SA-271.

On the first point—claim construction—the parties appear to agree that a slide surface is a surface where sliding happens (or at least can happen). To use the analogy Leupold cites, the surface of an ice skating rink is a slide surface. (*See* ECF No. 122 at 5.) Where the parties disagree is whether "slide surface" includes surfaces where no sliding occurs (or can occur). Leupold argues for a construction of "slide surface" that would include places where no sliding

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT 9,170,068                                         2

occurs or can occur, because that's what Leupold needs to do in order to find any kind of structure that extends around the rotational axis. But the ice rink analogy shows this is sophistry, because although an ice rink sits on the Earth's surface, that does not make the rest of the planet a slide surface. That an ice rink sits in a city park does not make the rest of the city, or the park, a slide surface. The ice rink cannot be said to extend "around" the city, or the planet, because the rink itself sits on one side of those surfaces, not multiple sides. In any event, Leupold is effectively requesting another claim construction to eviscerate the construction it lost on "around," by arguing that "slide surface" should be construed to mean the "surface of a slide component" (ECF No. 122 at 4), to include all surfaces of a "component" whether or not "sliding" occurs or can occur on each surface. This is not a plausible interpretation in the context of the '068 patent claims, because the claim construction for "around" was made expressly in the context of the words "slide surface" and the rest of the claim.

On the second point—evidence of where sliding occurs—Leupold simply offers no evidence to contradict Nightforce's evidence that the slide surface in the SA-267 device—the notched surface where sliding can occur—lies to one side of the rotational axis, not around it. This is clearly shown, for example, in the drawing below, explained in paragraph 4 of the Declaration of Klaus Johnson (ECF No. 91):



As Mr. Johnson explained, the surface where sliding can occur is the straight one, with the notch. To again use the ice skating analogy raised in Leupold's brief, a tab might slide up and down the length of this surface and remain at all times on just one side of the rotational axis, just as a skater might skate up and down the length of an ice rink but never skate to the other side of the park or city where the ice rink is located. When questioned about the mechanism during his deposition, Mr. Johnson explained that the tab (pin) does *not* contact or ride anywhere on the ring except at the straight line tangent surface containing the notch. Elsewhere, it is in the air, in open space. (*See* accompanying Declaration of Arie Pellikaan, Ex. A at 134:6-17, 136:24-137:13) ("Ex. A").)

Notably, the claims of the '068 patent themselves specify the nature of the "sliding" in this context. The claims require a guide tab that is "***biased against*** the slide surface." As

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT 9,170,068                                              4

explained by Mr. Johnson, the pin identified by Leupold as the "guide tab" in the accused products does not contact, and therefore cannot be "biased against," the surface indicated by the yellow ring in Leupold's brief. The surface highlighted by the yellow ring is below the straight tangent surface on one side of the ring, which is in a different plane *above* the ring. The only place the pin makes contact in the SA-267 is on the straight tangent surface on the one side of the ring. (*See* Pellikaan Decl., Ex. A.) That pin does not extend down to or contact the surface Leupold's counsel highlighted with the "yellow ring"—nor could it because the surface highlighted by that ring is not exposed to and does not face the pin in the assembled product:



(*See* ECF No. 83-3 at 142.)

Moreover, in contrast to Mr. Johnson's annotated drawing, which identified the notched surface where sliding can occur, Leupold's lawyer-added annotation, adding a yellow ring to an image of the SA-267, is not evidence. *See FastShip, LLC v. United States*, 892 F.3d 1298, 1311 (Fed. Cir. 2018) ("The only support the Government provided was an annotated version of Figure 11 … but these annotations were prepared by attorneys, and '[a]ttorney argument is not evidence'") (quoting *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017)). Leupold further mischaracterizes the record by implying that Mr. Byron identified the slide surface in the Nightforce SA-271 and SA-267 turrets as "the interior vertical surface of the guideway ring," which "extends all the way around and encircles the axis of rotation." (ECF No.

122 at 20.) Mr. Byron did not say this; at best it is Leupold's lawyers interpreting Mr. Byron's report—and missing from the record is any declaration from Mr. Byron adopting Leupold's counsel's "yellow ring" interpretation.

Nothing in Mr. Byron's report alleges that sliding occurs or could occur on multiple sides of the rotational axis in the SA-267 or SA-271 devices. Indeed, as shown below using a crop from the annotated SA-267 image in Leupold's brief, what Mr. Byron does say on the subject contradicts that non-evidentiary "yellow ring" argument, because the shaft of Mr. Byron's "Slide Surface" arrow crosses under and moves past the yellow circle added by Leupold's attorneys, to point to a structure over on one side of the device. The red arrow does not appear to point to the round ring at all, but to the flat edge way over on one side of the device,[1] the same area identified by Mr. Johnson as being the only place where "sliding" occurs:



(ECF No. 122 at 3.)

Since the physical structure of each accused device is not subject to genuine dispute, all that remains to resolve the issue of alleged infringement is to apply the legally construed claim element. That element is either literally present in each accused device, or not, with no possibility of a genuine issue of disputed fact. Moreover, given Leupold's failure to advance any theory under the doctrine of equivalents (and Leupold's clarification that it does not assert that a slide surface lying "to one side" of the axis is equivalent to a surface "on all sides" (ECF No. 122

---

[1] Notably, Leupold provided no declaration from Mr. Byron attempting to change or "clarify" his report on this point.

at 4 n.2)), no factual dispute is raised under the doctrine of equivalents, either. Summary judgment of no infringement should therefore be granted.

## III. LEUPOLD FAILS TO MEET ITS BURDEN OF PRODUCTION REGARDING ALLEGED INFRINGING SALES OF THE SA-271 DEVICE

Leupold alleges there is a question of fact as to whether all sales of the SA-271 were completed before the '068 patent issued in late October 2015. (ECF No. 122 at 6.) But Leupold fails to identify even one such sale, and offers nothing to contradict Nightforce's evidence that the product was discontinued by that time. (*See, e.g.,* ECF No. 91 at ¶ 6.) Leupold cannot escape summary judgment by speculating that some straggler sales *may* have occurred. Leupold's assertion that Nightforce is still selling products "that contain the SA-271 turret with its revised flat surface" is misleading at best, because as Leupold well knows, the device with the "revised" surface is the SA-267. Leupold offers no affirmative evidence to show that the pre-revision, SA-271 device was made, used, imported, sold or offered for sale *by Nightforce* in the United States at any time after the '068 patent issued. Nor does Leupold offer evidence supporting any alternative theory of liability.[2]

---

[2] In a footnote, Leupold alleges that Nightforce could be found liable for "inducing" dealers to infringe by selling the scopes with the SA-271 remaining in their inventory after the '068 patent issued. But that allegation is supported by *no evidence*—indirect infringement by inducement requires showing a direct infringement, among other things. *See, e.g., Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014) ("where there has been no direct infringement, there can be no inducement of infringement under § 271(b)"). And Leupold offered no such evidence of a direct infringement, such as a sale by anyone of a scope having the SA-271, after the '068 patent issued. Leupold's speculation on what might have occurred is not evidence and cannot defeat summary judgment.

## IV.     CONCLUSION

For the reasons set forth above and in Nightforce's opening memorandum, Nightforce's motion for summary judgment of non-infringement of the '068 patent should be granted.

DATED November 9, 2018

                              Respectfully submitted,

                              By: *s/ Scott E. Davis*
                                  Scott E. Davis, OSB No. 022883
                                  Email: scott.davis@klarquist.com
                                  Todd M. Siegel, OSB No. 001049
                                  Email: todd.siegel@klarquist.com
                                  KLARQUIST SPARKMAN, LLP

                                  David A. Casimir, *pro hac vice*
                                  Email: dacasimir@casimirjones.com
                                  CASIMIR JONES, S.C.

                                  *Attorneys for Defendant*
                                  *LIGHTFORCE USA, INC.*