Kassim M. Ferris, OSB No. 965260
*kassim.ferris@stoel.com*
Nathan C. Brunette, OSB No. 090913
*nathan.brunette@stoel.com*
STOEL RIVES LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR  97205
Telephone: (503) 224-3380
Facsimile:  (503) 220-2480

Brian C. Park (*pro hac vice*)
*brian.park@stoel.com*
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone: (206) 386-7542
Facsimile:  (206) 386-7500

Attorneys for Plaintiff
Leupold & Stevens, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LEUPOLD & STEVENS, INC.,<br><br>        Plaintiff / Counterclaim-Defendant,<br><br>        v.<br><br>LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,<br><br>        Defendant / Counterclaimant. | No. 3:16-cv-1570-HZ<br><br>**PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE TO FILE SUR-REPLY RE MOTION FOR LEAVE TO AMEND COMPLAINT AND UPDATE INFRINGEMENT CONTENTIONS TO CONFORM TO EVIDENCE AND FORMALLY ALLEGE ADDITIONAL FACTS RE DEFENDANT'S DIRECT INFRINGEMENT OF '305 PATENT**<br><br>**[FILED UNDER SEAL]** |

1

## I. INTRODUCTION

On January 2, 2019, Plaintiff Leupold & Stevens, Inc. ("Leupold") filed its Motion for Leave to Amend Complaint and Update Infringement Contentions to Conform to Evidence and Formally Allege Additional Facts re Defendants' Direct Infringement of '305 Patent (Dkt. 155) ("Motion to Amend"). As discussed in Leupold's Motion to Amend (Dkt. 155 at 2-3) and in its supporting reply brief (Dkt. 163 at 1-2, 4-7), Leupold's motion was made in response to statements made by counsel for Nightforce at the December 17, 2018 summary judgment hearing asserting for the first time (after the dispositive motions deadline) that Leupold's allegations in its pleading at the outset of the case had been insufficiently detailed with respect to infringement of the '305 patent. Leupold filed its Motion to Amend to avoid the need for recursive briefing on a motion for leave to file a dispositive motion discussed by Nightforce — since, as discussed in the Motion to Amend, the law holds that such a Nightforce motion, even if successful, would just result procedurally in granting Leupold leave to amend (to assert facts already known to both parties).

Leupold's Motion to Amend is fully briefed: Defendant Lightforce USA, Inc. ("Nightforce") filed its response in opposition on January 16, 2019 (Dkt. 160) ("Opposition") and Leupold filed its Reply (Dkt. 163) on January 30, 2019. Nonetheless, on February 11, 2019, Nightforce moved for leave to file a sur-reply (Dkt. 166) ("Motion for Sur-Reply), seeking the last word on Leupold's Motion to Amend. Nightforce, however, did not discuss in any detail what arguments it feels it needs to make in the requested Sur-Reply and did not explain why yet another brief on this procedural issue is needed (beyond the three briefs filed on Leupold's underlying Motion and the motion, response, and reply on Nightforce's motion for leave to file a sur-reply).

Given the uncertainty about what exactly Nightforce plans to say in its second opposition to Leupold's Motion to Amend, Leupold offered as a compromise during the required L.R. 7-1(a) meet-and-confer discussion that if Nightforce really felt further briefing on the Motion to

2

Amend were appropriate, Leupold would agree not to oppose Nightforce's motion for Sur-Reply if Nightforce sought only one additional equal-length brief for each party (*i.e.*, a sur-reply and response, without further reply/sur-reply), so Leupold could respond to any new arguments raised in Nightforce's Sur-Reply. This motion followed.

## II.  ARGUMENT

Without rehashing the factual, procedural, and legal points made in the parties' briefing on Leupold's motion for leave to amend (Dkt. 155) regarding why amendment is proper, Leupold focuses on Nightforce's request to file a sur-reply in further opposition to that motion. Where, as here, the issues Nightforce would seek to raise via sur-reply were already discussed in the briefing on the underlying motion, a sur-reply is neither necessary nor appropriate.

**A.   Nightforce Has Failed to Address, Let Alone Meet Its Burden to Establish, Compelling Reasons for Filing a Sur-Reply.**

Nightforce's Motion for Sur-Reply cites no legal authority as to when or whether a sur-reply is appropriate. In fact, "surreplies are disfavored and the party seeking to submit one has to demonstrate a compelling reason for permitting the additional filing and such requests are routinely disallowed when that burden is not met." *Raybould v. JPMorgan Chase Bank, N.A.*, No. 6:13-cv-1966-TC, 2014 WL 7146962, at *1 n.2 (D. Or. Findings and Recommendation signed Dec. 11, 2014, adopted Feb. 26, 2015) (denying request to file sur-reply) (citing *Heil Co. v. Cumotto Can Co.*, No. 04–1590, 2004 WL 2600134 (N.D. Cal. Nov. 16, 2004)).[1] Here, Nightforce not only failed to acknowledge the governing legal standard, but also falls far short of meeting the "compelling reason" standard. Nightforce seeks to justify its Motion for Sur-Reply merely based on its conclusory assertion that "Leupold raised new arguments and attached new evidence to its Reply." Motion for Sur-Reply at 1. To the contrary, there is nothing improper about making arguments or submitting evidence on reply that replies to arguments made for the

---

[1] *See also, e.g.*, *Saner v. Malloy*, No. 05-cv-11-TC, 2006 WL 1305109, at *2 (D. Or. May 9, 2006) (denying motion for leave to file sur-reply where "[t]he issues before the court [were already] adequately briefed"); *Unum Life Ins. Co. of Am. v. Martin*, No. 6:13-cv-00158-AA, 2013 WL 6002829 at *4 (D. Or. Nov. 5, 2013) (denying motion for leave to file sur-reply regarding summary judgment motion).

first time in an opposition brief. (This, by definition, is the nature of a reply brief as parties lack prescience about what arguments may be raised in an opposition brief.) Nightforce makes only two arguments in this regard. First, Nightforce makes an inaccurate assertion that only Leupold's Reply a addresses Fed. R. Civ. P. 16 — in fact, Leupold addressed the inapplicability, and alternatively the satisfaction. of Rule 16 in its opening Motion to Amend. Dkt. 155 at 5 n.1. Second, Nightforce offers an accurate but irrelevant assertion that Leupold's Reply is longer than its opening Motion to Amend (which was necessary to address the many arguments and characterizations of the record in Nightforce's Opposition). Similarly, the Declaration of Brian C. Park, filed with Leupold's Reply (Dkt. 163-1 through 163-5) provided facts and exhibits that specifically replied to arguments raised in Nightforce's Opposition. Without any specific showing of any *new* argument — other than responses to Nightforce's Opposition arguments — Nightforce cannot establish "compelling reasons" for leave to sur-reply. Procedural motions do not require unduly recursive briefing.

**B.     The Three Arguments Nightforce Says It Wants to Make for the First Time in Its Requested Sur-Reply Were Already Presented in Nightforce's Opposition.**

While Nightforce does not attach a proposed Sur-Reply to its Motion for Sur-Reply or disclose specifics about what it seeks leave to sur-reply about, Nightforce has identified three broad arguments it seeks to make in its Sur-Reply. Motion for Sur-Reply at 2-4. However, those assertions *undermine* rather than support Nightforce's Motion for Sur-Reply, since each of those arguments — rather than being new and requiring further briefing — were ***already made in detail in Nightforce's Opposition*** (as shown in the table below). Nightforce offers no explanation, perforce no compelling reasons, to allow it to repeat prior arguments and to get the "last word" on these arguments as to *Leupold's* Motion to Amend, which Nightforce already briefed in its Opposition.

| **Nightforce Argument**[2] | **Same Argument *Already Made* in Nightforce's Opposition (Dkt. 160)** |
|---|---|
| Nightforce's "No Diligence" argument (Mtn. for Sur-Reply at 2) | Opp. at 4-6, 11-13.[3] |
| Nightforce's "No Blame on Nightforce" Argument that Nightforce did not delay in raising an alleged pleading deficiency for the first time at the summary judgment oral argument (Mtn. for Sur-Reply at 2-3 (Heading 2)) | Opp. at 5-6, 11-12. |
| Nightforce's "Bad Faith, Futility, Prejudice and Undue Delay" Argument (Mtn. for Sur-Reply at 3-4) | Opp. at 1-2, 13-15. |

### III.  CONCLUSION

Nightforce's Motion for Sur-Reply should be denied for the reasons discussed above. The issues raised by Leupold's motion for leave to amend are fully briefed and ripe for consideration.  In the alternative, if Nightforce is permitted to file a Sur-Reply brief, Leupold should be granted leave to file a responsive brief, no longer than the page length of Nightforce's Sur-Reply, within 7 days after service of Nightforce's Sur-Reply, in order to address further issues Nightforce may raise.

In either event, Leupold's underlying motion for leave to amend (Dkt. 155) should be granted for the reasons stated in the briefing.

---

[2] Each of these arguments is inaccurate for the reasons set out in Leupold's Reply (Dkt. 163).

[3] Moreover, Leupold's reply to the "diligence" argument in Nightforce's Opposition was not a new argument on reply.  In addition to being a proper reply to an argument Nightforce raised in its Opposition, the arguments Leupold made on this issue in its Reply repeated arguments Leupold had already made in its opening Motion to Amend, as discussed above.  Just as in its Reply, Leupold argued in the Motion to Amend both that Rule 16(b) is inapplicable (since no new claims or parties are being joined) and that Rule 16(b) is satisfied (even if applicable because Leupold acted diligently after Nightforce first raised this issue at the December 17, 2018 hearing).  *See* Dkt. 155 at 5 n.1.

DATED:  February 25, 2019.

Respectfully submitted,

STOEL RIVES LLP

*/s/ Nathan C. Brunette*
Nathan C. Brunette, OSB No. 090913
nathan.brunette@stoel.com
Stoel Rives LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR  97205
Telephone: (503) 224-3380
Facsimile:  (503) 220-2480

Brian C. Park (*pro hac vice*)
brian.park@stoel.com
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone: (206) 386-7542
Facsimile:  (206) 386-7500

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served via ECF electronic service and electronic mail with a copy by United States mail, first-class, postage-prepaid, as follows:

| | |
|---|---|
| **David A. Casimir, Esq., Ph.D.**<br>Casimir Jones, S.C.<br>2275 Deming Way, Suite 310<br>Middleton, WI  53562<br>dacasimir@casimirjones.com<br>(608) 662-1277<br><br>Attorneys for Defendants | **Scott E. Davis, Esq.**<br>scott.davis@klarquist.com<br>**Todd M. Siegel**<br>todd.siegel@klarquist.com<br>Klarquist Sparkman LLP<br>One World Trade Center<br>121 SW Salmon Street, Suite 1600<br>Portland, OR  97204<br>(503) 473-0933<br><br>Attorneys for Defendants |

DATED:   February 25, 2019.        STOEL RIVES LLP


*/s/ Nathan C. Brunette*
Nathan C. Brunette, OSB No. 090913
Kassim M. Ferris, OSB No. 965260
760 S.W. Ninth Ave., Suite 3000
Portland, OR  97205
Telephone: (503) 224-3380
Facsimile:  (503) 220-2480
*kassim.ferris@stoel.com*
*nathan.brunette@stoel.com*

Brian C. Park (*pro hac vice*)
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone: (206) 386-7542
Facsimile:  (206) 386-7500
*brian.park@stoel.com*

Attorneys for Plaintiff
LEUPOLD & STEVENS, INC.