Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES, S.C.
2275 Deming Way, Ste. 310
Middleton, WI 53562
Telephone: (608) 662-1277

*Attorneys for Defendant*
LIGHTFORCE USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEUPOLD & STEVENS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,**<br><br>Defendant. | Civil Case No.: 3:16-cv-01570-HZ<br><br>**DEFENDANT'S MOTION TO STAY AND CONTINUE BRIEFING SCHEDULE ON PLAINTIFF'S MOTIONS TO STRIKE AND EXCLUDE EXPERT OPINION TESTIMONY OF ALLEN BRANDENBURG AND DOUGLAS P. DUFAUX** |

## LOCAL RULE 7-1(A) CERTIFICATION

In compliance with Local Rule 7-1, the parties made a good faith effort through a telephone conference to resolve the dispute and have been unable to do so.

## MOTION

Defendant Lightforce USA, Inc. d/b/a Nightforce Optics and Nightforce USA ("Nightforce") moves this Court for an order to stay the briefing schedule on the motions Plaintiff Leupold & Stevens, Inc. ("Leupold") filed to strike and exclude expert opinions of Messrs. Brandenburg and DuFaux (ECF Nos. 173, 175) ("Leupold's motions"). Alternatively, Nightforce respectfully requests an extension of time to respond to Leupold's motions until 30 days after the Court rules on all of the pending motions for summary judgment, or not less than 14 days beyond the current deadline of April 2, 2019.

## MEMORANDUM

**The Court may need no reminder of the background of this overly complicated case.** Prior to summary judgment motions, Plaintiff refused to drop any of the scores of asserted claims in the eight asserted patents. As the Court noted with all the patents and issues in the case, it would be too much for a jury—"they will be lost" (Dec. 17, 2018 Tr. at 6:12). This case is far too complex at this stage, prior to summary judgment rulings. Hence, the Court struck the trial date to be reset following rulings on the pending summary judgment motions, which are under advisement. (ECF No. 167.) A pretrial conference, trial date and the many deadlines for pretrial filings, including motions to exclude or limit expert testimony, must all be reset following and in view of summary judgment rulings. (*See* ECF No. 79 (showing the many pretrial deadlines that were previously set to follow summary judgment oral arguments including a deadline for motions to exclude or limit expert testimony).)

DEFENDANT'S MOTION TO STAY AND CONTINUE BRIEFING
SCHEDULE ON PLAINTIFF'S MOTIONS TO STRIKE AND EXCLUDE EXPERT
OPINION TESTIMONY OF ALLEN BRANDENBURG AND DOUGLAS P. DUFAUX        1

Despite that the trial date was stricken and there are still too many issues in the case at this stage—at least until the Court rules on pending summary judgment motions—Leupold seeks to further complicate the record with more issues for the Court to decide.

At the same time Leupold seeks to compel Nightforce to brief issues that could be moot in whole or in part following summary judgment decisions.

**Efficiency favors a stay of briefing on issues that may be mooted.** The Court should stop wasteful briefing on Leupold's motions until summary judgment issues are decided. For example, one motion (ECF No. 173) is direct to Mr. Brandenburg, who opined only about the '907 patent. The '907 patent, however, will no longer be at issue in this case if the Court grants Nightforce's pending motion for summary judgment (ECF No. 102). As to Mr. DuFaux, there is no point in briefing now portions of his report about issues that will be moot if the Court grants Nightforce's motion for summary judgment (ECF No. 97).

There is no urgency in deciding Leupold's motions directed to expert opinions and testimony on issues that may no longer be in the case after summary judgment rulings. Nightforce should not be required to brief and the Court should not decide Leupold's motions that may be mooted, in whole as to Mr. Brandenburg and in part as to Mr. DuFaux.

**Leupold's motions should not be allowed to supplement pending summary judgment arguments.** Leupold's counsel effectively admitted that these expert motions were filed now in the hope that the Court will consider them alongside the pending, fully briefed, and fully argued summary judgment motions that are under advisement. The Court should not entertain Leupold's attempt to effectively supplement the summary judgment record with its expert motions.

**A stay or extension of the briefing schedule is appropriate.** The Court should stay all briefing on Leupold's motions (ECF Nos. 173, 175) until further order of the Court, after rulings on summary judgment motions and pretrial and trial dates are reset. Alternatively, the Court should grant an extension of time to respond to Leupold's motions until 30 days after the Court rules on all of the pending motions for summary judgment, or at least an extension of 14 days beyond the current deadline of April 2, 2019.

March 22, 2019

        Respectfully submitted,

        By: *s/Scott E. Davis*
        Scott E. Davis, OSB No. 022883
        Email: scott.davis@klarquist.com
        Todd M. Siegel, OSB No. 001049
        Email: todd.siegel@klarquist.com
        KLARQUIST SPARKMAN, LLP

        David A. Casimir, *pro hac vice*
        Email: dacasimir@casimirjones.com
        CASIMIR JONES, S.C.

        *Attorneys for Defendant*
        *LIGHTFORCE USA, INC.*