Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
J. Christopher Carraway, OSB No. 961723
Email: chris.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES, S.C.
2275 Deming Way, Ste. 310
Middleton, WI 53562
Telephone: (608) 662-1277

*Attorneys for Defendant*
LIGHTFORCE USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEUPOLD & STEVENS, INC.,** | Civil Case No.: 3:16-cv-01570-HZ |
| Plaintiff, | **DEFENDANT NIGHTFORCE'S BRIEF REGARDING CONSTRUCTION OF "PROJECTING OUTWARDLY FROM…" TERM PER ORDER, ECF NO. 192** |
| v. | |
| **LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,** | **REQUEST FOR ORAL ARGUMENT** |
| Defendant. | |

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION .......................................................................................... 1

II.   "A MANUALLY ADJUSTABLE FOCUS CONTROL DEVICE
      PROJECTING *OUTWARDLY FROM THE* EXTERIOR OF THE HOUSING" .............. 2

      A.    Claim 10 "Projecting *Outwardly From*" Limitations ............................. 3

      B.    Nightforce's Design Is Similar To Prior Art Weatherby Scopes ........................... 6

III.  THE SECOND "OUTWARDLY FROM" LIMITATION: "THE SPIRAL
      CAM TRACK SPIRALING *OUTWARDLY FROM THE* AXIS OF ROTATION" ......... 8

IV.   CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bayer CropScience AG v. Dow AgroSciences LLC*,
  728 F.3d 1324 (Fed. Cir. 2013)...................................................................... 10

*Bicon, Inc. v. Straumann Co.*,
  441 F.3d 945 (Fed. Cir. 2006)....................................................................... 10

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
  851 F.3d 1275 (Fed. Cir. 2017)....................................................................... 6

*Scripps Research Inst. v. Illumina, Inc.*,
  2019 WL 4071879 (Fed. Cir. Aug. 29, 2019)................................................ 1, 10

ii

Nightforce hereby submits its 10-page brief regarding the construction of "focus control device projecting outwardly from the exterior of the housing." (*See* '907 patent claim 10; Sept. 26, 2019 Opinion & Order, ECF No. 180, ("Opinion & Order") at 12–14; ECF No. 192.)

## I.    <u>INTRODUCTION</u>

Claims 1 and 10 of the '907 patent have significantly different scope. For example, claim 10 includes, among other requirements, two additional limitations, each using the phrase "outwardly from the." Claim 10 is narrower than claim 1 by more precisely identifying *where* claimed components are located. The phrases in claim 10 reciting "outwardly from the" are:

- "focus control device projecting *outwardly from the* exterior of the housing" and

- "the spiral cam track spiraling *outwardly from the* axis of rotation." (Emphases added.)

Nightforce provides both terms for context, as the Court stated that the second term may be construed later but before trial. (Nov. 21, 2019 Tr. 14:15-25 (ECF No. 193).) This context is important to consider so that these two phrases having shared language can be construed consistently, if possible, to give the same meaning to the shared term "outwardly from the" throughout the entirety of claim 10. *See Scripps Research Inst. v. Illumina, Inc.*, No. 2018-2089, 2019 WL 4071879, at *4 (Fed. Cir. Aug. 29, 2019) (nonprecedential) (giving the same meaning to term appearing in different places in the same patent "following ordinary principles of internal-document coherence," and construing the same term to have the same meaning each place it appeared within a claim).

Further context is provided in the summary judgment briefing. Leupold moved for summary judgment of infringement of claim 10 and its dependent claims. Nightforce pointed out that claim 10 requires that the focus control device: (1) project outwardly from the exterior of the housing; and (2) include an actuator slide. (*See* ECF No. 120 at 13–14.) The alleged actuator

slide of the accused Nightforce products is inside of the housing of the scope and thus not in a focus control device "*mounted to*" and "*projecting outwardly from* the exterior of the housing." Leupold argued that "Claim 10 . . . actually requires only that some portion of the focus control device (knob) 'project[] outward' from the housing." (ECF No. 147 at 3.)

Leupold effectively reads limitations out of the claims. Leupold's interpretation of the simple word "from" in asserting infringement of claim 10 is contrary to its plain and ordinary meaning. *See, e.g.,* MacMillan Dictionary ("starting at a particular point and moving away") (available at https://www.macmillandictionary.com/dictionary/american/from#from_21); *see also* ECF No. 190-2, Webster's Third New International Dictionary 913 (1993) ("used as a function word to indicate a starting point"). Claim 10 does not say projecting outwardly "through" the exterior of the housing or spiraling outwardly "relative to" the axis of rotation. Instead, it says "from," and "from" in this context means the point in space at which it *starts*. Something is not *from* a point if it did not *start* there. And nothing is *from* a place it has *never been*. This is an easily understood term with a plain meaning.

## II.   "A MANUALLY ADJUSTABLE FOCUS CONTROL DEVICE PROJECTING *OUTWARDLY FROM THE* EXTERIOR OF THE HOUSING"

For the reasons explained below, the term at issue should be construed as follows:

| Claim 10 Limitation | Construction |
|---|---|
| focus control device projecting outwardly from the exterior of the housing | the focus control device (knob), that includes the cam hub and actuator slide, starts at the housing and projects outwardly from the exterior of the housing |

Claim 10 of the '907 patent requires a manually adjustable focus control device (knob)[1] that includes both a "cam hub" and an "actuator slide," with the knob location defined in the claim: it projects outwardly from the exterior of housing. None of the accused Nightforce riflescopes have a knob that projects, with the alleged "actuator slide," outwardly from the housing. Rather, the alleged "actuator slide" identified by Leupold in the accused products is *inside* the riflescope *housing* itself, not in the knob.

A.    **Claim 10 "Projecting *Outwardly From*" Limitations**

The portion of claim 10 at issue recites:

(c) a manually adjustable *focus control device projecting outwardly from the exterior of the housing* in a direction transverse to the longitudinal axis, *the focus control device including*:

> (i) *a cam hub* mounted for rotation about an axis of rotation, the cam hub positioned so that the axis of rotation is substantially perpendicular to the longitudinal axis, the cam hub including a drive face facing toward the interior of the housing and a spiral cam track formed in the drive face around the axis of rotation, the spiral cam track spiraling outwardly from the axis of rotation, and

> (ii) *an actuator slide* slidably mounted to the housing for movement along the longitudinal axis *and including a cam follower* operably engaged in the spiral cam track so that the actuator slide moves generally along the longitudinal axis in response to rotation of the cam hub, the actuator slide operatively connected to the movable optical element to drive the movable optical element in response to rotation of the cam hub and thereby adjust the focus setting of the telescopic rifle sight.

(Emphasis added.)

Claim 10 of the '907 patent thus requires a knob "projecting outwardly from the exterior of the housing." Figures 1 and 2 of the '907 patent, copied below, show a focus knob (numbered

---

[1] The '907 patent and both parties have used the terms "focus control device" and "knob" interchangeably in this case. For example, part 64 in the drawings is alternately identified in the '907 patent as a "focus control device 64" ('907 patent 5:6) and a "focus control knob 64" (*id.* 6:29). The terms "knob" and "focus control device" are used interchangeably herein.

DEFENDANT NIGHTFORCE'S BRIEF
REGARDING CLAIM CONSTRUCTION PER ECF NO. 192                                    3

64; green annotation added) and a housing (numbered 12; red annotation added) of a riflescope.



Claim 10 also requires that this focus control knob, projecting outwardly from the housing, *include both* a cam hub (the part with the spiral cam track) and an actuator slide (the part moved by the cam follower). Figure 4 of the '907 patent shows focus knob components (numbered 64) in an exploded view, including the knob's cam hub (numbered 134) and its actuator slide (numbered 122, blue highlighting added), and the housing (numbered 12, partial orange highlighting added, including around guide slot 128).



Claim 10 further defines the position of the knob including and containing a cam hub and an actuator slide. Claim 10 recites that the actuator slide of the knob is "slidably mounted *to the housing*" (emphasis added). In Figure 4, the actuator slide 122 (shown in blue) forms the bottom portion of the knob and is mounted to the exterior of the housing (shown in orange). A broad description of an actuator slide in the specification is consistent with claim 10 in that the "*actuator slide* [is] positioned between the cam hub and the housing," and therefore it is *outside* of the housing as a part of the knob that projects outwardly from the exterior of the housing:

> The <u>focus control knob</u> *of the present invention* <u>includes</u> a cam hub mounted to the housing for rotation about an axis of rotation. The cam hub includes a drive face positioned facing the interior of the housing and a spiral cam track formed in the drive face around the axis of rotation and spiraling outwardly from the axis of rotation. An <u>actuator slide</u> *positioned between the cam hub and the housing* of the sight includes a cam follower slidably engaged with the spiral cam track.

('907 patent 3:27–36 (emphasis added).)

Leupold chose to claim this positionally specific feature of the alleged invention in claim 10 with the knob projecting outwardly *from* the housing, and to require that the knob include an actuator slide mounted *to* the housing, necessarily placing the actuator slide "between the cam hub and the housing"—*i.e.*, "exterior" to the housing.

The location of the knob is precisely defined by the claim language: "projecting outwardly from the exterior of the housing in a direction transverse to the longitudinal axis." Each word must carry meaning. Claim 10 does not say that the knob projects outwardly *through* the housing, but rather it says "outwardly *from* the exterior of the housing." As noted above, "from" means a point in space at which something starts. *See, e.g.,* Webster's Third New International Dictionary 913 (1993) ("used as a function word to indicate a starting point"). Thus, as claimed by the '907 patent, the knob containing a cam hub and an actuator slide projects outwardly starting at the exterior of the housing.

Leupold may try to argue that Nightforce's proposed construction is inconsistent with the description in the patent. It's not. In any event, claim 10 as filed with the application for the '907 patent is itself a disclosed embodiment as part of the specification and description of the alleged "invention." *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1297 (Fed. Cir. 2017) ("Original claims are part of the original specification . . . ."). Thus, nothing in the specification or file history requires anything other than applying the ordinary meaning to claim 10.

As properly construed, the phrase "focus control device projecting outwardly from the exterior of the housing" means that the focus control device (knob), along with the cam hub and actuator slide included therein, starts at the exterior of the housing and projects outwardly from the exterior of the housing.

### B.    Nightforce's Design Is Similar To Prior Art Weatherby Scopes

Nightforce's accused design is remarkably similar to the prior art design in the Weatherby Imperial scopes of the 1950s–1970s. In the Weatherby Imperial scope, an *internally* mounted moveable lens unit contacts a spiral cam in an external knob via a pin mounted to the lens unit (shown by added blue coloring).



(*See* ECF No. 190-1 at 5.)

The accused design uses the same approach, with an internally mounted lens unit

contacting a cam in an external knob via a component mounted to the internal lens unit—and *not*

*mounted to the housing or inside the knob*. The accused products have neither an actuator slide in

the knob nor an actuator that projects outwardly from the exterior of the housing. This is

illustrated below, in a comparison to Figure 4 of the '907 patent.



| '907 Patent, Fig. 4 annotated | Accused Product, *see* ECF No. 83-3 at 225 |

As shown above, Nightforce products do not have, inside a knob, both the orange and

blue components as required by claim 10. The accused actuator is inside the scope housing as

shown in the figure on the right taken directly from Leupold's infringement contentions (where

the accused alleged actuator has been colored in blue). The accused Nightforce configuration is

the opposite of what is claimed—the alleged actuator *is not inside the knob* but rather *inside the*

*housing* whereas the claimed actuator slide *is inside the knob* and *is not inside the housing*. That

is the claimed actuator slide is in the words of claim 10 "mounted to the housing" and included

in the knob that is "projecting outwardly from the exterior of the housing." Figure 4 of the '907

patent as annotated above left allows one to envision the claimed configuration where *both* the

actuator (122 in blue) and the cam hub with its spiral cam track (134 in orange) are included in

the knob (64 highlighted green) mounted to the exterior of the housing.

The tenets of claim construction support the construction proposed herein:  a construction that the accused products do not infringe.

## III.    THE SECOND "OUTWARDLY FROM" LIMITATION: "THE SPIRAL CAM TRACK SPIRALING *OUTWARDLY FROM THE* AXIS OF ROTATION"

Nightforce will request the Court to construe an additional limitation found in claim 10 of the '907 patent: "the spiral cam track spiraling *outwardly from the* axis of rotation." The limitation is within a larger phrase at claim 10(c)(i) describing the spiral cam track in the knob:

> (i) a cam hub mounted for rotation about an axis of rotation, the cam hub positioned so that the axis of rotation is substantially perpendicular to the longitudinal axis, the cam hub including a drive face facing toward the interior of the housing and a spiral cam track formed in the drive face around the axis of rotation, *the spiral cam track spiraling outwardly from the axis of rotation*

(Emphasis added.)

Nightforce only briefly mentions the issue now so that these two limitations in claim 10 having shared language are not interpreted inconsistently, if that can be avoided. For example, Nightforce expects that Leupold will seek a construction of the "projecting outwardly from" limitation discussed above that allows parts of the focus control knob to *either start at the exterior of the housing or pass through the housing*. That would be wrong for the reasons discussed above. However, even Leupold's anticipated construction would not permit the focus control knob to be wholly disassociated from the "exterior of the housing." In other words, in Leupold's anticipated view, the knob still must be somehow connected in space to the housing because the claim requires that the knob "project[] outwardly from the exterior of the housing."

But that is in contrast to Leupold's anticipated position on the second term, "spiraling outwardly from …" To allege infringement, Leupold must construe the shared language of that term to allow the "spiral cam track" to *neither start at the axis of rotation nor pass through the*

*axis of rotation* despite that claim 10 requires a "spiral cam track spiraling outwardly from the axis of rotation."

The issue is illustrated below, comparing (A) an accused cam hub on the left where the cam track is not spiraling out from the "axis of rotation" at the center with (B) a typical spiral spiraling out from its origin on the right:

| Example of an accused Nightforce cam | Example of a general Archimedean spiral *spiraling outwardly from* its origin point |
|---|---|
|  Sept. 22, 2018 Byron Supp. Report, Ex. C, ECF No. 83-3 at 287 **(A)** | https://en.wikipedia.org/wiki/Archimedean_spiral **(B)** |

The ordinary meaning and definition of "from" as being a "starting point" as used in claim 10 is consistent with the definition of any "spiral," which is defined as spiraling "into some point or *out from some point*." (*See* ECF No. 190-3, Dictionary of Scientific and Technical Terms at 1889 (McGraw-Hill 5th ed. 1994) ("spiral [MATH] A simple curve in the plane which continuously winds about itself either into some point or *out from some point*." (emphasis added)); *see also id.* ("spiral of Archimedes [MATH] The curve *spiraling into the origin . . .*") (emphasis added).) That point "outwardly from" which the cam track spirals is defined by claim 10 to be on the "axis of rotation."

Thus, the ordinary definitions of a "spiral" and "from" show that "spiraling outwardly from the axis of rotation" means starting at the axis of rotation and spiraling or winding out from

there. Because the "projecting *outwardly from* . . ." and "spiraling *outwardly from* . . ."

limitations, both in the same claim 10, can and should be interpreted consistently, *see Scripps*,

2019 WL 4071879, at *4, "projecting outwardly from" should be construed similarly as starting

at the exterior of the housing and projecting out from there.

IV.    **CONCLUSION**

The ordinary word "from" has meaning[2] and under Nightforce's proposed construction,

that meaning within the same claim will be consistent. It identifies a "starting point" for the

focus control knob and for the spiral cam track.

DATED December 12, 2019

                                Respectfully submitted,

                        By:   s/Scott E. Davis
                                Scott E. Davis, OSB No. 022883
                                Email: scott.davis@klarquist.com
                                Todd M. Siegel, OSB No. 001049
                                Email:  todd.siegel@klarquist.com
                                J. Christopher Carraway, OSB No. 961723
                                Email: chris.carraway@klarquist.com
                                KLARQUIST SPARKMAN, LLP

                                David A. Casimir, *pro hac vice*
                                Email: dacasimir@casimirjones.com
                                CASIMIR JONES, S.C.

                                *Attorneys for Defendant*
                                LIGHTFORCE USA, INC.

---

[2] All claim terms should be given effect. *See Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950
(Fed. Cir. 2006) ("Allowing a patentee to argue that physical structures and characteristics
specifically described in a claim are merely superfluous would render the scope of the patent
ambiguous . . . . For that reason, claims are interpreted with an eye toward giving effect to all
terms in the claim."). And claims cannot be re-written to capture the intended "invention." *Bayer
CropScience AG v. Dow AgroSciences LLC*, 728 F.3d 1324, 1328, 1332 (Fed. Cir. 2013)
(rejecting claim construction where "[n]othing in the intrinsic record affirmatively indicates that
… the 'mono' part [of monooxygenase] is to be ignored" and noting that "it is hardly unknown
for a patentee with an invention that could be protected to fail in securing such protection by bad
choices in claim drafting").

DEFENDANT NIGHTFORCE'S BRIEF
REGARDING CLAIM CONSTRUCTION PER ECF NO. 192                                    10