Kassim M. Ferris, OSB No. 965260
Nathan C. Brunette, OSB No. 090913
STOEL RIVES LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR 97205
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Brian C. Park (*pro hac vice*)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101-4109
Telephone: (206) 386-7542
Facsimile: (206) 386-7500

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LEUPOLD & STEVENS, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,<br><br>Defendant/Counterclaimant. | No. 3:16-cv-1570-HZ<br><br>**PLAINTIFF LEUPOLD & STEVENS, INC.'S OPENING BRIEF RE CONSTRUCTION OF '907 PATENT PHRASE "*A MANUALLY ADJUSTABLE FOCUS CONTROL DEVICE PROJECTING OUTWARDLY FROM THE EXTERIOR OF THE HOUSING*"** |

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ........................................................................................................ 1

II.  ARGUMENT ................................................................................................................ 1

    A.  Nightforce's Proposed Construction Fails as a Matter of Law Because It Is Inconsistent with the Plain Meaning of the Claim Language, Including the Transition Word "Comprising." ................................................................... 2

    B.  Nightforce's Proposed Construction Is Incorrect Because It Would Exclude the Sole Disclosed Preferred Embodiment of the '907 Patent ................. 5

    C.  Nightforce Waived Any Noninfringement Argument That Its Products Lack a "Focus Control Device Projecting Outwardly from the Exterior of the Housing" by Admitting Infringement as to This Claim Element in Its Infringement Contentions ....................................................................... 7

III. CONCLUSION ........................................................................................................... 10

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – i

TABLE OF AUTHORITIES

Page

**Cases**

*Aspex Eyewear, Inc. v. Altair Eyewear, Inc.,*
    288 F. App'x 697 (Fed. Cir. 2008) ...................................................................................3

*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.,*
    482 F.3d 1347 (Fed. Cir. 2007)........................................................................................9

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.,*
    246 F.3d 1336 (Fed. Cir. 2001)........................................................................................4

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC,*
    No. 2:15-cv-00037-RWS-RSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017).......................10

*Finalrod IP, LLC v. John Crane, Inc.,*
    No. 7:15-cv-00097-ADA, 2019 WL 4061703 (W.D. Tex. May 30, 2019) ...............................9

*GE Lighting Sols., LLC v. AgiLight, Inc.,*
    750 F.3d 1304 (Fed. Cir. 2014)........................................................................................7

*Gillette Co. v. Energizer Holdings, Inc.,*
    405 F.3d 1367 (Fed. Cir. 2005)........................................................................................4

*Hunter Douglas Inc. v. Great Lake Woods, Inc.,*
    No. 15-cv-00106-REB-KLM, 2019 WL 1375675 (D. Colo. Mar. 27, 2019)...........................9

*Kaneka Corp. v. Zhejiang Med. Co.,*
    No. CV 11-02389 SJO, 2018 WL 2718036 (C.D. Cal. Apr. 5, 2018),
    *aff'd*, 767 F. App'x 998 (Fed. Cir. May 13, 2019) ................................................................10

*MBO Labs., Inc. v. Becton, Dickinson & Co.,*
    474 F.3d 1323 (Fed. Cir. 2007)........................................................................................7

*Oatey Co. v. IPS Corp.,*
    514 F.3d 1271 (Fed. Cir. 2008)........................................................................................7

*On-Line Techs., Inc. v. Bodensweewerk Perkin-Elmer GmbH,*
    386 F.3d 1133 (Fed. Cir. 2004)........................................................................................5

*SanDisk Corp. v. Memorex Prods., Inc.,*
    415 F.3d 1278 (Fed. Cir. 2005)........................................................................................3

*Scanner Technologies Corp. v. ICOS Vision Systems Corp., N.V.,*
    365 F.3d 1299 (Fed. Cir. 2004)........................................................................................4

# TABLE OF AUTHORITIES

Page

*Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.,*
    32 F. Supp. 3d 1155 (D. Nev. 2014) ........................................................................................10

**Rules**

Washington Local Patent Rule 121(a) ...........................................................................................8

## I. INTRODUCTION

In its summary judgment opinion, the Court identified a single issue as to Claim 10 of the '907 Patent requiring further briefing on claim construction: whether the claim language **"a manually adjustable focus control device projecting outwardly from the exterior of the housing"** requires that "the actuator slide must be located entirely outside of the housing." ECF # 180 at 13. The answer to this question, as a matter of law and technology, is: **No**.

The plain meaning of the claim language requires only that *some part* of the *focus control device* (*i.e.*, knob)—of which the actuator slide is one part—must extend outwardly from the housing so it can be manually gripped and turned by the user. Nothing in the claim language excludes a focus control device that has some parts (including the actuator slide) that are located inward of the exterior of the housing. Indeed, the sole preferred embodiment disclosed in the '907 Patent (depicted in each of Figs. 1-6 of the '907 Patent) has an actuator slide that is located *partly inside* the exterior of the riflescope housing, flatly inconsistent with Nightforce's proposed construction.

## II. ARGUMENT

Nightforce argues that the claim language "focus control device projecting outwardly from the exterior of the housing" should be construed to mean: "The focus control device (knob), that includes the cam hub and actuator slide, ==starts at the housing and== projects outwardly from the exterior of the housing." This proposed construction merely paraphrases or repeats the claim language, except that it includes an unsupported and improper insertion, highlighted above and indicated in strikethrough below. That inserted phrase, "starts at the housing and," reflects a strained attempt by Nightforce to exclude from the scope of the claim a "focus control device" (knob) that extends outward from the housing, but also has some components that are located inward of the exterior of the housing (*e.g.,* to interface with internal components of the riflescope). To the contrary, the claim language "focus control device projecting outwardly from the exterior of the housing" carries its plain and ordinary meaning, consistent with the rest of

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 1

Nightforce's proposed construction: "The focus control device (knob), that includes the cam hub and actuator slide, ~~starts at the housing and~~ projects outwardly from the exterior of the housing."

Nightforce's effort to turn around the claim language to preclude any part of the "focus control device" from being located inward of the exterior of the housing is inconsistent with the claim language and would read out the sole preferred embodiment disclosed in Figs. 1-6 of the '907 Patent. During the earlier *Markman* phase of this case, Nightforce took the same approach with other of its claim construction proposals, which were rejected as legal error. *See* ECF # 69 at 11 ("Adopting Defendant's construction would improperly limit the claims such that they would exclude the preferred embodiments.").

A.  **Nightforce's Proposed Construction Fails as a Matter of Law Because It Is Inconsistent with the Plain Meaning of the Claim Language, Including the Transition Word "Comprising."**

Nightforce's proposed construction to *preclude* any portion of the focus control knob from being located inward of the exterior edge of the housing is legally erroneous. Nightforce's selective construction ignores the context of the surrounding claim language, which indicates that the "manually adjustable focus control device" must project (extend) outward from the housing so that it can be gripped and turned by the user (to be "manually adjustable"). Decl. of David Byron, Ex. 1 ("Byron CC Rpt.") ¶¶ 3-5. Nightforce apparently asserts that use of the common preposition "from" somehow requires that the starting point (which Nightforce seems to assert means interior-most point) of the *focus control device* must be abutting or adjacent the exterior of the riflescope housing. *See* ECF # 189 at 2, 7. To the contrary, however, the word "from" in the claim language, as a matter of grammar and meaning, denotes a direction in which projection must occur, and the language "outwardly from" grammatically modifies "projecting," not "focus control knob." The phrase "projecting outwardly from the exterior of the housing in a direction transverse to the longitudinal axis" uses "from" to describe where the outward projection of the knob is to be ***measured from***, as reflected in the subsequent claim language further refining the direction that outward projection is to be measured: outwardly from the

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 2

exterior of the housing "in a direction transverse to the longitudinal axis."

Thus, a POSA reviewing the claim language would understand the plain meaning of "a manually adjustable focus control device projecting outwardly from the exterior of the housing" to require that the focus control device must project (extend) outwardly from the housing at least some distance so the user can grip the knob, but does not preclude components of the focus control device from being located inward of the exterior of the riflescope housing.  Byron CC Rpt. ¶¶ 3-7.  Nightforce's proposed construction, with the inaccurate insertion (highlighted above) removed, is a reasonable paraphrase of the claim meaning consistent with the plain meaning: "The focus control device (knob), that includes the cam hub and actuator slide, projects outwardly from the exterior of the housing."

Nightforce's proposal that "from" be read to exclude any device where the focus control device includes any components inside the riflescope housing is also inconsistent with the open transition word "comprising" used in Claim 10 of the '907 Patent.[1]  Nightforce's proposed construction is inconsistent with bedrock blackletter patent law.  As the Court recognized in its Opinion and Order on summary judgment, the transitional word "comprising" in a patent claim is synonymous with "including" and "is non-restrictive terminology that neither 'foreclose[s] additional elements that need not satisfy the stated limitations,' nor requires 'additional, unspecified elements.'"  ECF # 180 (MSJ Opinion & Order) at 37 (citations omitted) (quoting *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1286 (Fed. Cir. 2005); *Aspex Eyewear, Inc. v. Altair Eyewear, Inc.*, 288 F. App'x 697, 702 (Fed. Cir. 2008)).  Thus, because Claim 10 is written with the open transition word "comprising," it reaches any apparatus that includes the claimed structures (here, a focus control knob that, at least in part, projects outwardly from the housing), even if an accused product also has other features not required by the claim language (*e.g.*, a portion of the focus control knob, such as the actuator slide, is located inward of the

---

[1] Claim 10: "A telescopic rifle sight . . . ***comprising***: (c) a manually adjustable focus control device projecting outwardly from the exterior of the housing in a direction transverse to the longitudinal axis, the focus control device including: (i) a cam hub . . . and (ii) an actuator slide . . . ."  (Emphasis added.)

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 3

exterior edge of the housing).

By analogy, a patent claim directed to a chimney "extending outwardly from" the roof of a house would include a chimney that extends up and out of the roof, but *also* extends down into the house to be operatively connected to a fireplace or wood stove within the house (as necessary to function as a chimney). Precisely the same is true of the focus control device (knob) of Claim 10 of the '907 Patent. The focus control device must extend outwardly from the housing (so that it can be manually adjusted by a user), but nothing in the claim language precludes internal components of the focus control device, including the actuator, from being located inward of the exterior edge of the riflescope housing. *See, e.g., Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1371-72 (Fed. Cir. 2005) ("The word 'comprising' transitioning from the preamble to the body signals that the entire claim is presumptively open-ended. Because the patentee invoked this open-ended treatment in claim 1 of the '777 patent, the scope of claim 1 encompasses all safety razors satisfying the elements set forth in claim 1. The addition of elements not recited in the claim cannot defeat infringement." (citations omitted)); *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1347-48 (Fed. Cir. 2001) (affirming claim construction that the limitation "disposed over a portion" means "disposed over at least one portion" in context of an open-ended "comprising" claim).

For example, in *Scanner Technologies Corp. v. ICOS Vision Systems Corp., N.V.*, 365 F.3d 1299, 1305-06 (Fed. Cir. 2004), a "comprising" patent claim for an electronics component scanner required as one claim element "an illumination apparatus." The district court read this claim language "an illumination apparatus" as requiring a single illumination apparatus, and thus granted summary judgment of noninfringement as to an accused product that included multiple sources of illumination. *Id.* The Federal Circuit reversed, explaining that ambiguous language in the specification could not overcome the open-ended comprising structure of the claim, which allowed any number of illumination sources so long as at least one was present. *Id.* For the same reasons here, the claim language requires that the "focus control device" must extend some

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 4

distance outwardly from the exterior of the housing, but in a "comprising" claim that does not preclude infringement by a device where other components of the focus control device, such as the actuator slide, located elsewhere, are inside the exterior of the housing.

B. **Nightforce's Proposed Construction Is Incorrect Because It Would Exclude the Sole Disclosed Preferred Embodiment of the '907 Patent.**

In addition to resting on an erroneous reading of the open-ended claim language, Nightforce's proposed construction is legal error for another, independent reason. It cannot be the correct construction because it would read out the sole preferred embodiment described in the '907 Patent and depicted in each of Figs. 1-6. The Court recognized, including in its *Markman* Order in this case, the blackletter patent law principle that a "'claim interpretation that excludes a preferred embodiment from the scope of the claim is rarely, if ever, correct.'" ECF # 69 at 11 (quoting *On-Line Techs., Inc. v. Bodensweewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1138 (Fed. Cir. 2004)) The Court concluded that "Adopting Defendant's construction would improperly limit the claims such that they would exclude the preferred embodiments. *Id.*

The '907 Patent details a *single* exemplary embodiment in its "Detailed Description of Preferred Embodiments" section to discuss different concepts for configuring the patented invention, and that single preferred embodiment is depicted (in different views) in each of Figs. 1-6 of the '907 Patent. *See* '907 Patent 4:30-46 (Figs. 2-6 show the same embodiment depicted in Fig. 1). As discussed above, Nightforce (erroneously) proposes a construction that requires all elements of the focus control device, including the "actuator slide," to "start from" the exterior edge of the housing and extend only outwardly. However, the sole preferred embodiment of the '907 Patent, depicted in each of Figs. 1-6, has an actuator slide that is located, in part, inside the exterior edge of the housing, as shown in the annotated version of Fig. 5, below, and thus would be improperly excluded from the claim scope under Nightforce's construction.

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 5



'907 Patent, Fig. 5 (annotated); *see* Byron CC. Rpt. ¶¶ 5-7. The two parts called out in Nightforce's proposed construction, the "actuator slide" and "cam hub," are colored yellow in the figure above. The "actuator slide," item 126, unquestionably is partially located inward (left) of the red line defining the exterior edge of the riflescope housing, flatly inconsistent with Nightforce's proposed construction.[2] Indeed, the vast majority of the actuator slide in this figure

---

[2] Even if Nightforce were to attempt to identify a different (farther inward) location that it calls the "exterior of the housing" in Fig. 5, the actuator slide is necessarily still at least partially located inward (left) of that line. *See* Byron CC. Rpt. ¶¶ 6-7 (providing explanation and alternative version of annotated figure demonstrating this point). In contrast, the figure from the '907 Patent that Nightforce has relied upon, ECF # 189 at 6, is an exploded view, not a cross-section, and thus does not show where the actuator slide is located relative to the exterior of the housing when the device is assembled. Byron CC Rpt. ¶ 8.

(continued . . .)

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 6

is located inward, rather than outward, of the exterior edge of the housing (red line). Because Nightforce's proposed construction inserts a limitation that is inconsistent with and would exclude from the claim the sole preferred embodiment detailed in the '907 patent, Nightforce's construction cannot be correct.³ *See GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1311 (Fed. Cir. 2014) ("We normally do not construe claims in a manner that would exclude the preferred embodiment, ***especially where it is the only disclosed embodiment***. In particular, 'where claims can reasonably [be] interpreted to include a specific embodiment, it is incorrect to construe the claims to exclude that embodiment, absent probative evidence on the contrary.' No such evidence exists in this case that would ***require*** us to construe 'substantially ellipsoidal inner profile' in a manner that would exclude the Figure 7 embodiment." (emphases added; brackets in original) (quoting *Oatey Co. v. IPS Corp.*, 514 F.3d 1271, 1277 (Fed. Cir. 2008), and citing *MBO Labs., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1333 (Fed. Cir. 2007))).⁴

**C.**    **Nightforce Waived Any Noninfringement Argument That Its Products Lack a "Focus Control Device Projecting Outwardly from the Exterior of the Housing" by Admitting Infringement as to This Claim Element in Its Infringement Contentions.**

Finally, this claim construction dispute need not even be resolved to find infringement, because Nightforce has already admitted in its initial and supplemental noninfringement contentions that this element of Claim 10 is present in its accused products, precluding any noninfringement argument based on this claim element.

---

³ Nightforce's legal error infects the other new terms it seeks to construe to avoid infringement. Its proposed construction of the phrase "the spiral cam track spiraling outwardly from the axis of rotation" suffers from the same flaw, in that it too would read out the sole preferred embodiment discussed and depicted in the '907 Patent. Byron CC Rpt. ¶¶ 3, 9-13. In addition, Nighforce's proposed construction of that phrase would also render the patented invention inoperable and nonfunctional for its intended purpose, and for that independent reason also cannot be the correct construction. *Id.* ¶ 14.

⁴ Nightforce errs when it asserts that the meaning of the broader claim language should be limited to a single exemplary embodiment discussed in an ambiguous off-hand comment in the specification. *See* ECF # 189 at 6 (citing '907 Patent 3:32-36). As the Court has recognized, claim language cannot be narrowed to the sole exemplary embodiment discussed in a patent without express "'clear and unmistakable'" statements of disavowal. ECF # 69 at 14 (quoting *GE Lighting Sols.*, 750 F.3d at 1309). Here, Nightforce goes even further in seeking to rely on an off-hand statement in the specification to rewrite the claim language in a manner that would **exclude** the sole preferred embodiment discussed and depicted in the specification. Such a construction cannot be correct as a matter of law, as discussed above.

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 7

Pursuant to the Court's scheduling orders dated February 7, 2017 (Dkt. 25) (adopting the parties' proposal at Dkt. 18) and May 8, 2017 (Dkt. 32) (adopting the parties' proposal at Dkt. 30), Nightforce was required to serve noninfringement contentions as to the '907 Patent by May 29, 2017, guided by the Western District of Washington's Local Patent Rules. Western District of Washington Local Patent Rule 121(a) explains the contents and detail required for noninfringement contentions:

> For each Asserted Claim against that party, a chart stating whether the party admits that that element is present in the Accused Device or contends that it is absent from the Accused Device. If the party contends that an element is absent from the Accused Device, it shall set forth in detail the basis for that contention.

Nightforce served noninfringement contentions as to the '907 Patent on May 29, 2017, Decl. of Nathan Brunette ("Brunette Decl.") ¶ 2 & Ex. 1, and updated contentions on March 5, 2018 based on the Court's January 31, 2018 *Markman* Order (ECF # 69), Brunette Decl. ¶ 3 & Ex. 2, a relevant excerpt of which is reproduced below. As can be seen in the excerpt below, Nightforce's operative, March 5, 2018 noninfringement contentions make no allegation (**blank** right column of boxes) that any aspect of element (a), (b), (c), or (c)(i) of Claim 10 is absent from any of Nightforce's accused products, effectively admitting that those claim elements are present. The claim language currently in dispute appears in box 10(c), as to which Nightforce did not assert any noninfringement allegation. Clearly, at the time Nightforce served its binding contentions, it appreciated that Leupold's current claim construction was (and is) correct.

| Claim 10: | |
|---|---|
| A telescopic rifle sight having an adjustable focus setting and an adjustable aiming offset, the telescopic rifle sight including a tubular housing having a longitudinal axis, an interior and exterior, and first and second ends, and an elongate erector assembly pivotally mounted within the interior of the housing generally along the longitudinal axis and medially of the first and second ends, the erector assembly including a distal end, the telescopic rifle sight comprising: | |

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 8

| | |
|---|---|
| (a) an adjustable aiming control device in operative association with the erector assembly for pivotally moving the erector assembly so that the distal end moves within the housing transversely of the longitudinal axis to thereby adjust the aiming offset of the telescopic rifle sight; | |
| (b) a movable optical element slidably mounted within the housing for movement generally along the longitudinal axis; and | |
| (c) a manually adjustable focus control device projecting outwardly from the exterior of the housing in a direction transverse to the longitudinal axis, the focus control device including: | |
| (i) a cam hub mounted for rotation about an axis of rotation, the cam hub positioned so that the axis of rotation is substantially perpendicular to the longitudinal axis, the cam hub including a drive face facing toward the interior of the housing and a spiral cam track formed in the drive face around the axis of rotation, the spiral cam track spiraling outwardly from the axis of rotation, and | |

Brunette Decl. Ex. 2 at 39.

In addition to this tacit admission by not contesting infringement as to the claim element at issue, Nightforce also failed to request construction of the phrase "a manually adjustable focus control device projecting outwardly from the exterior of the housing" during the *Markman* stage of this case. Brunette Decl. ¶ 4; *see* ECF # 45. Thus, Nightforce has twice waived any noninfringement argument based on this phrase, and the Court need not even consider this issue. *See Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (affirming district court's refusal to consider untimely noninfringement assertion based on new proposed claim construction issue at summary judgment; "[t]he district court found that ACS waived any argument with respect to this term by failing to raise it during the claim construction phase. We agree."). Supporting legal authority is extensive.[5]

---

[5] *See also, e.g., Finalrod IP, LLC v. John Crane, Inc.*, No. 7:15-cv-00097-ADA, 2019 WL 4061703, at *2 (W.D. Tex. May 30, 2019) (defendants waived any argument as to meaning of claim term "compressive force" "because they failed to raise it during the claim construction phase"); *Hunter Douglas Inc. v. Great Lake Woods, Inc.*, No. 15-cv-00106-REB-KLM, 2019 WL 1375675, at *11 (D. Colo. Mar. 27, 2019) (holding at summary judgment that "defendants have waived or forfeited any
(continued . . .)

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 9

### III.  CONCLUSION

For the foregoing reasons, the phrase "a manually adjustable focus control device projecting outwardly from the exterior of the housing" in Claim 10 of the '907 Patent does not require that "the actuator slide must be located entirely outside of the housing."  *See* ECF # 180 at 13.  Nightforce's proposed construction should be rejected in favor of the phrase's plain and ordinary meaning: the focus control device (knob), that includes the cam hub and actuator slide, projects outwardly from the exterior of the housing.

DATED this 12th day of December, 2019.

Respectfully submitted,

STOEL RIVES LLP

*/s/ Nathan C. Brunette*
Kassim M. Ferris, OSB No. 965260
Nathan C. Brunette, OSB No. 090913
760 S.W. Ninth Ave., Suite 3000
Portland, OR  97205
Telephone: (503) 224-3380
Facsimile:  (503) 220-2480
*kassim.ferris@stoel.com*
*nathan.brunette@stoel.com*

Brian C. Park (*pro hac vice*)
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone: (206) 386-7542
Facsimile:  (206) 386-7500
*brian.park@stoel.com*

Attorneys for LEUPOLD & STEVENS, INC.

---

arguments regarding the meaning of the term 'tilt cord' by not raising the arguments earlier" during the *Markman* phase of the case); *Kaneka Corp. v. Zhejiang Med. Co.*, No. CV 11-02389 SJO (SHSx), 2018 WL 2718036, at *22 (C.D. Cal. Apr. 5, 2018) (new claim construction urged for noninfringement purposes was "waived because it was not raised during the 'claim construction phase' of this case"), *aff'd*, 767 F. App'x 998 (Fed. Cir. May 13, 2019) (affirmed by judgment); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, 2017 WL 2651618, at *8 (E.D. Tex. June 20, 2017) ("To the extent Hughes' motion for summary judgment is based on an untimely claim construction position regarding the meaning of 'TCP/IP,' as that term is used in the asserted claims, Hughes waived these arguments by not raising them earlier."); *Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1172-73 (D. Nev. 2014) (noninfringement position raised for the first time on summary judgment was waived because it was based on claim term not proposed for construction at *Markman* phase; "Garmin waived this argument by failing to raise it during claim construction.").

PLAINTIFF'S OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION – 10

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed today with the Clerk of the Court using the Court's CM/ECF system, which will send notification and serve such filing to all counsel for the parties who have appeared in this case:

David A. Casimir, Ph.D.
Casimir Jones, S.C.
2275 Deming Way, Suite 310
Middleton, WI  53562

Scott E. Davis
Todd  M. Siegel
J. Christopher Carraway
Klarquist Sparkman, LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, OR  97204

    Attorneys for Defendants

DATED:  December 12, 2019.

STOEL RIVES LLP

*/s/ Nathan C. Brunette*
NATHAN C. BRUNETTE
OSB No. 090913
Telephone: (503) 224-3380

Attorneys for Plaintiff/Counterclaim-Defendant
LEUPOLD & STEVENS, INC.

CERTIFICATE OF SERVICE – 1