Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
J. Christopher Carraway, OSB No. 961723
Email: chris.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES, S.C.
2275 Deming Way, Ste. 310
Middleton, WI 53562
Telephone: (608) 662-1277

*Attorneys for Defendant*
LIGHTFORCE USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEUPOLD & STEVENS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,**<br><br>Defendant. | Civil Case No.: 3:16-cv-01570-HZ<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPENING BRIEF RE CONSTRUCTION OF '907 PATENT PHRASE "*A MANUALLY ADJUSTABLE FOCUS CONTROL DEVICE PROJECTING OUTWARDLY FROM THE EXTERIOR OF THE HOUSING*"**<br><br>**REQUEST FOR ORAL ARGUMENT** |

### I. A KNOB INCLUDING THE ACTUATOR SLIDE AND CAM HUB MUST "PROJECT"

Leupold disagrees only in part with Nightforce's construction. Leupold would excise the portion that it highlighted: "The focus control device (knob), that includes the cam hub and actuator slide, ~~starts at the housing and~~ projects outwardly from the exterior of the housing."

Leupold argues that part of the knob need not project outwardly from the exterior boundary of the housing. Leupold's position relies on its definition of the boundary of the exterior of the housing shown by its red line added to Figure 5, copied below. Whether Nightforce agrees with the red line does not matter. Leupold *agrees* that the knob must project outwardly from the exterior of the housing. Leupold also *agrees* that the cam hub and actuator slide are included in the knob. That the actuator slide must be in the knob that projects outwardly from the exterior of the housing, whether partially or totally, resolves much of the dispute.

The focus control knob of claim 10 must (1) "project[] outwardly from the exterior of the housing" and (2) include both an "actuator slide" and a "cam hub." Disagreeing in part with Nightforce's construction, Leupold argues that the single exemplary embodiment in the '907 patent has an "actuator slide that is located, *in part*, inside the exterior edge of the housing …" (ECF No. 195 at 5 (emphasis added).) But Leupold also illustrates that in the single embodiment depicted in the '907 patent, the "actuator slide" is *in part* "projecting outwardly from the exterior of the housing," *i.e.*, above Leupold's red line:



(ECF No. 195 at 6 (annotations and coloring added by Leupold).)

The "focus control knob" described in the '907 patent and claim 10 includes at least two parts: the "cam hub" and "actuator slide." Leupold does not dispute that those two parts highlighted in yellow above must be in the focus control knob as claimed. Leupold also shows in its annotated figure copied above that both of the two required parts of the knob are, at least in part, "projecting outwardly from" the place identified in the claim—the "exterior of the housing" demarcated by the red line Leupold created. Leupold does not identify any example in the patent or any language in claim 10 that would permit either the "cam hub" or "actuator slide" to be wholly inside the housing. Leupold's argument that the "actuator slide" can be wholly within, and not project at all from, the exterior of the housing is unsupported by anything in the drawings, description or claims of the '907 patent. Instead, claim 10 imposes the requirement that the knob, which must include two parts, the "cam hub" and "actuator slide," is "projecting outwardly from the exterior of the housing."

Claim 10 requires the knob to include both the cam hub and the actuator slide. A knob that does not have those two parts is not a knob within the meaning of claim 10 of the '907 patent. And claim 10 requires that it is the knob that must "project[] outwardly from the exterior of the housing." But without both a "cam hub" and an "actuator slide" it *cannot be a knob* as claimed. Accordingly, a plain reading of a focus control knob "projecting outwardly from the exterior of the housing" is that at least part of both of the two pieces required to make a "knob" project from the exterior of the housing.

Claim 10 could have required that only the "cam hub" must "project[] outwardly from the exterior of the housing." Or it could have imposed no requirement that either the "cam hub" or the "actuator slide" must "project[] outwardly from the exterior of the housing." It did neither. Instead claim 10 defines what the knob is by specifying the *two parts it must include* (though

DEFENDANT'S RESPONSE TO PLAINITFF'S
OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION                                                    2

others could be included as well because, as Leupold noted, the claim is a "comprising" claim). And claim 10 added the requirement that the knob including its two essential parts must "project[] outwardly from the exterior of the housing." Without the "actuator slide" the "cam hub" is just a "cam hub," it is not a knob within the meaning of claim 10, having its two required parts. Leupold's argument that the "actuator slide" can be wholly inside the housing and not project from the housing should be rejected as inconsistent with the claim language and *every* embodiment in the specification.

The Court should construe the "projecting outwardly from …" limitation according to the plain meaning of its words: "*The focus control device (knob), that includes the cam hub and actuator slide, starts at the housing and projects outwardly from the exterior of the housing.*" If the Court adopts the majority of this construction with which Leupold agrees (*i.e.*, Nightforce's construction with Leupold's strikeout), the Court should clarify it to avoid future disputes about the meaning of the construction. That is, even if part of the knob need not project outwardly from the exterior of the housing, the actuator slide as claimed is in the knob and "mounted to the housing" and so must *in part* project outwardly from the exterior of the housing. It cannot be wholly inside the housing. At the very least, it cannot be outside the knob of which it is a part.

## II. LEUPOLD'S RED LINE AND SECOND "OUTWARDLY FROM" LIMITATION

Nightforce previewed a second phrase in claim 10, "spiraling outwardly from the axis of rotation," for good reasons—confirmed by Leupold's brief on the "projecting outwardly from …" phrase. (*See* ECF No. 195 at 7 n.3; *compare* Supp. Byron Report, ECF No. 197-1, ¶¶ 6-14 *with* Ex. 1,[1] 2nd Supp. Brandenburg Report at 4-16.) The red line Leupold added with its other annotations to the figure shown above highlights both that Nightforce's interpretation of

---

[1] Exhibits 1 and 2 are attached to the Declaration of Arie Pellikaan filed concurrently herewith.

"spiraling outwardly from …" is correct and that the Court should consider these two limitations together to try to construe them consistently because Leupold does not appear to have a consistent position for the shared language in these two terms. *See Scripps Research Inst. v. Illumina, Inc.*, No. 2018-2089, 2019 WL 4071879, at *4 (Fed. Cir. Aug. 29, 2019) (nonprecedential). As Leupold indicated with its red line and "outward" arrow copied above, "projecting outwardly from" means *from* the place identified in the claim, *i.e.*, the outer edge of "the exterior of the housing." (*See* Ex. 1, ¶¶ 56-58.) But to allege infringement, Leupold's position on the second phrase necessarily must be that "spiraling outwardly from" does *not* mean *from* the place identified in the claim, *i.e.*, "the axis of rotation."

### III.     NIGHTFORCE DID NOT WAIVE ITS POSITIONS

Leupold argues at length that Nightforce waived its contentions. Nightforce did not waive its arguments. As the Court recognized in its Opinion (ECF No. 180), Nightforce argued non-infringement at summary judgment based on the "projecting outwardly from …" term at issue in this brief, and Leupold did not object but instead argued its position on the merits that claim 10 "requires only that some portion" of the knob "project[] outward" (ECF No. 147 at 3).

Now, Leupold pastes into its brief an excerpt from Nightforce's non-infringement contentions to incorrectly argue the "blanks" in the chart show Nightforce did not previously raise this defense. (ECF No. 195 at 8-9.) But Leupold *omitted* from its brief *the next row of that same chart* served long ago by Nightforce and making exactly the point at issue for claim 10:

> The accused products *do not comprise a manually adjustable focus control device projecting outwardly from the exterior of the housing* that includes an actuator slide slidably mounted to the housing … and including a cam follower operably engaged in the spiral cam track … as claimed.

(ECF No. 196-2 at 43 (emphasis added).) Leupold also did not note that Nightforce's non-infringement contentions incorporated by reference its Answer and Counterclaims, stating by

way of example: "none of the accused products provide a spiral cam track as claimed or the associated components, such as the actuator …" (ECF Nos. 31 at 20; 196-1 at 2; 196-2 at 2.)

Leupold also fails to acknowledge that trying to show infringement is its burden and Nightforce served interrogatory responses, in addition to its non-infringement contentions, clarifying that which should go without saying: "Nightforce also may rely on Leupold's … failures to identify sufficient evidence, of any claim element or limitation in accused products." (Ex. 2 at 3;[2] *see also* ECF Nos. 189 to 190-6.) Leupold provided no relevant evidence or expert opinion on the "outwardly from" terms so there was no "infringement contention" to which Nightforce could respond. Nightforce has not waived its right to show Leupold failed to carry its burden of proof requiring evidence of each claim limitation in the accused products.

Finally, Nightforce cannot have "waived" seeking claim construction of these limitations. First, Nightforce does not infringe under the plain and ordinary meaning of these "outwardly from" terms. It is Leupold who needs constructions that read words out of the claims or re-write claim 10 because otherwise it cannot assert infringement. Second, claim construction is for the jury's benefit, and to avoid impermissible argument to the jury about the meaning of terms when Leupold has shown it intends to argue unconventional meanings of terms or that words are superfluous. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").

DATED December 26, 2019

                            Respectfully submitted,

                        By: *s/Scott E. Davis*

---

[2] *See also id.* ("Leupold cannot show infringement applying any correct construction or interpretation of at least the terms "[1] a manually adjustable focus control device projecting outwardly from the exterior of the housing … the focus control device including: … [2] the spiral cam track spiraling outwardly from the axis of rotation …").

DEFENDANT'S RESPONSE TO PLAINITFF'S
OPENING BRIEF RE ADDITIONAL CLAIM CONSTRUCTION         5

Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
J. Christopher Carraway, OSB No. 961723
Email: chris.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES, S.C.

*Attorneys for Defendant*
LIGHTFORCE USA, INC.