Scott E. Davis, OSB No. 022883
Email: scott.davis@klarquist.com
Todd M. Siegel, OSB No. 001049
Email: todd.siegel@klarquist.com
J. Christopher Carraway, OSB No. 961723
Email: chris.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon St., Ste. 1600
Portland, Oregon 97204
Telephone: (503) 595-5300

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES, S.C.
2275 Deming Way, Ste. 310
Middleton, WI 53562
Telephone: (608) 662-1277

*Attorneys for Defendant*
LIGHTFORCE USA, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEUPOLD & STEVENS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,**<br><br>Defendant. | Civil Case No.: 3:16-cv-01570-HZ<br><br>**DEFENDANT NIGHTFORCE'S REPLY IN SUPPORT OF BRIEF REGARDING CONSTRUCTION OF "PROJECTING OUTWARDLY FROM…" TERM PER ORDER, ECF NO. 203**<br><br>**REQUEST FOR ORAL ARGUMENT** |

Leupold asserts that Nightforce offered a "new" claim construction of "focus control device projecting outwardly from the exterior of the housing" in its last brief, ECF No. 198. Nightforce did not offer anything new, but instead embraced the language on which the parties had agreed in their opening briefs: "The focus control device (knob), that [1] includes the cam hub and actuator slide, . . . [2] projects outwardly from the exterior of the housing." (*Compare* ECF No. 198 at 1 *with* ECF No. 195 at 1-2.) That is, the parties were in agreement that the "knob" of claim 10 in the '907 patent (1) "includes the cam hub and actuator slide" and (2) "projects outwardly from the exterior of the housing." Leupold then requested a reply brief, apparently because Nightforce identified the *agreement* between the parties' constructions.

A logical consequence of the agreed understanding of the claim, and what is clear from the claim language itself, is that the "actuator slide" must *in part* project outwardly from the exterior of the housing. It cannot be wholly inside the housing and thereby be outside the knob of which it is a part. This is in part because the claim recites "an actuator slide slidably mounted to the housing," and that same "actuator slide" is, as agreed by the parties and recited in the claim, "include[ed]" in the "knob" that "projects outwardly from the exterior of the housing." Because the "actuator slide" as claimed is in the "projecting" knob and "mounted to the housing," it cannot be wholly inside the housing just as the knob cannot be.

In addition to the claim language, the single embodiment depicted in the '907 patent shows what follows as a matter of logic from the claim language itself—further clarified by Leupold's own annotations in the figure below left, with more clarity below right adding blue highlight to the portions of the actuator slide "projecting outwardly from the exterior of the housing":



(*See* Leupold's Brief, ECF No. 195 at 6.)

To be included in the "projecting" knob, as the parties agreed it must be, at least part of the "actuator slide" must be "projecting outwardly from the exterior of the housing," which Leupold defined as being above the red line depicted above. Moreover, as previously noted, that actuator slide is one of the two necessary parts to make a knob as claimed in claim 10. If only the one other part necessary to make the claimed knob, the "cam hub" with its "spiral cam track," was "projecting outwardly from the exterior of the housing," then a knob as claimed would not be "projecting outwardly from the exterior of the housing." In contrast, as shown in the only disclosure of a "knob" in the '907 patent, both the "cam hub" and the "actuator slide" project, at least in part, "outwardly form the exterior of the housing." (*See* blue annotation, above right.)

Nightforce again suggests that both "outwardly from" terms in the same claim 10 should be construed together to have consistent meanings. Leupold wants to have it both ways with respect to the single depicted embodiment in the '907 patent: Leupold insists that the "projecting" term must not be limited by the single embodiment depicted in the '907 patent but instead can include embodiments not expressly disclosed. At once, Leupold also contends that the "spiraling" term must be limited by the single embodiment depicted in the '907 patent and

cannot be limited to covering only embodiments that were not expressly depicted (but were disclosed in originally filed and issued claim 10 itself).

In effect, Leupold contends that the "projecting" term is not limited by the specification, but that the "spiraling" term is so limited (despite that claim 10 itself is as a matter of law a part of the specification since it issued as filed). *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1297 (Fed. Cir. 2017) ("Original claims are part of the original specification . . . ."). At least one of those contentions must be wrong and/or contravene the canon of construction recited by the Court in this case that "to adopt Leupold's position would be the result of improperly importing a limitation from the specification into the claims." (ECF No. 204 at 18 (internal quotation marks and citation omitted).)

Leupold has offered no supportable basis for a person of skill in the art to view the depicted embodiment as limiting the "spiraling" term but not the "projecting" term.[1]

In short, the correct interpretation of either or both of the "projecting" and "spiraling" terms effectively disposes of the remaining claims of the '907 patent as not infringed. Claim construction is an issue for the Court to decide, in this case leaving nothing for a jury trial.

DATED January 23, 2020

                                        Respectfully submitted,

                              By: *s/ Todd M. Siegel*
                                  Scott E. Davis, OSB No. 022883
                                  Email: scott.davis@klarquist.com
                                  Todd M. Siegel, OSB No. 001049

---

[1] Leupold offered a new report by Mr. Byron opining that (1) the equation in the patent shows that the one specific example of an Archimedean spiral "generally will not" start at the axis of rotation and (2) the device would not function if the spiral cam track started at the axis of rotation. (*See* ECF No. 197-1 ¶¶ 9-14.) Neither point is correct, as shown by the response from Mr. Brandenburg. (*See* ECF No. 200-1 at ¶¶ 4-14.) This is a dispute of experts about claim construction and the bases for proposed constructions, making it for the Court and not the Jury to resolve. *See, e.g., Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, __, 135 S. Ct. 831, 841 (2015) (noting that in claim construction the "district court resolves a dispute between experts and makes a factual finding" and "[t]he district judge, after deciding the factual dispute, will then interpret the patent claim in light of the facts as he has found them.").

DEFENDANT'S REPLY BRIEF ISO CONSTRUCTION OF
"PROJECTING OUTWARDLY FROM…" TERM PER ORDER, ECF NO. 203         3

Email: todd.siegel@klarquist.com
J. Christopher Carraway, OSB No. 961723
Email: chris.carraway@klarquist.com
KLARQUIST SPARKMAN, LLP

David A. Casimir, *pro hac vice*
Email: dacasimir@casimirjones.com
CASIMIR JONES, S.C.

*Attorneys for Defendant*
LIGHTFORCE USA, INC.