Nathan C. Brunette, OSB No. 090913
Kassim M. Ferris, OSB No. 965260
STOEL RIVES LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR  97205
Telephone: (503) 224-3380
Facsimile:  (503) 220-2480

Brian C. Park (*pro hac vice*)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101-4109
Telephone: (206) 386-7542
Facsimile:  (206) 386-7500

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LEUPOLD & STEVENS, INC.,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>LIGHTFORCE USA, INC. d/b/a NIGHTFORCE OPTICS and NIGHTFORCE USA,<br><br>Defendant/Counterclaimant. | No. 3:16-cv-1570-HZ<br><br>**PLAINTIFF LEUPOLD & STEVENS, INC.'S REPLY BRIEF RE SUPPLEMENTAL CONSTRUCTION OF '907 PATENT PHRASE "A MANUALLY ADJUSTABLE FOCUS CONTROL DEVICE PROJECTING OUTWARDLY FROM THE EXTERIOR OF THE HOUSING"**<br><br>**ORAL ARGUMENT REQUESTED** |

Nightforce initially argued that the claim language at issue, "a manually adjustable focus control device projecting outwardly from the exterior of the housing," should be construed to mean that the *entire* focus control device, including the actuator slide and cam hub (which comprise only a part of the focus control device), must be located entirely outside the exterior edge of the riflescope housing. ECF # 194. Leupold rebutted that position, showing that Nightforce's position was legally erroneous—both (1) because it would read out the sole preferred embodiment discussed in the specification and depicted in the exemplary figures and (2) because it could not be reconciled with the patent term of art "comprising" used in the claim language. ECF ## 195, 199.

Apparently moved by the force of Leupold's arguments, Nightforce, in its claim construction response brief, effectively abandoned that position and staked out a new claim construction position—that the claim phrase "a manually adjustable focus control device projecting outwardly from the exterior of the housing" should instead be construed to require that *at least some part* of the actuator slide and *at least some part* of the cam hub must be located outside the riflescope housing. ECF # 194.[1] At first glance the change in Nightforce's position might be confused for a compromise—it is arguably in between the scope of Nightforce's original position and Leupold's position and no longer reads out the sole preferred embodiment. Nightforce's new proposed construction is equally erroneous, however, because it lacks any connection whatsoever to the actual claim language and would improperly limit the claim language to the structure of the exemplary embodiment from the figures.

As with its originally proposed claim construction, Nightforce's new proposed construction has no connection to the actual claim language used in Claim 10 of the '907 Patent (or any reasonable, common sense interpretation thereof), and amounts to an impermissible rewriting of the claim, rather than an explanation of the contextual meaning of the claim language actually used.

---

[1] If Nightforce's claim construction position evolves even further in its reply brief, such change in position in a party's final claim construction brief is improper and may properly be stricken or disregarded by the Court. *See, e.g., DataTern, Inc. v. MircroStrategy, Inc.*, No. 11-11970-FDS, 2017 WL 505969, at *8 n.3 (D. Mass. Feb. 7, 2017) (refusing to consider new claim construction argument in final claim construction brief); *Innogenetics, N.V. v. Abbott Laboratories*, No. 05-C-0575-C, 2006 WL 6068352 at *2 (W.D. Wis. Aug. 11, 2006) (same).

*Wasica Fin. GmbH v. Cont'l Auto. Sys., Inc.*, 853 F.3d 1272, 1288 (Fed. Cir. 2017) (board erred in adopting construction of claim phrase "bit sequence" that would effectively "rewrite" the surrounding claim language to narrow the scope of the claimed invention).  As relevant to this dispute, Claim 10 of the '907 Patent provides:

> A telescopic rifle sight . . . including a tubular housing having a longitudinal axis, . . . the telescopic rifle sight comprising:
>
> . . .
>
> (c) a manually adjustable focus control device <u>projecting outwardly from the exterior of the housing in a direction transverse to the longitudinal axis</u>, <u>the focus control device including</u>:
>
> > (i) <u>a cam hub</u> . . ., and
> >
> > (ii) <u>an actuator slide</u> slidably mounted to the housing . . ., the actuator slide operatively connected to the movable optical element to drive the movable optical element in response to rotation of the cam hub . . . .

(Emphases added.)

The actual language of Claim 10 requires, in relevant part, only that at least one "actuator slide" and at least one "cam hub" be among the components of the "focus control device," but the use of the open-ended term "comprising" allows the "focus control device" to also contain any number of other components.  The claim language also requires only at least *some portion* of the focus control device (*e.g.*, a knob) to extend in a direction outwardly from the exterior of the housing to provide a knob structure the user can turn by hand.  But the open-ended "comprising" claim language does **not** foreclose parts of the focus control device, including the actuator slide and cam hub, from being located inside the housing (as shown in the sole exemplary preferred embodiment depicted in the '907 Patent figures).  Contrary to its original proposed construction, Nightforce now effectively admits that some portion of the focus control device can be located *inside* the exterior of the housing.  The problem with Nightforce's new proposed construction is that while the claim language requires the "focus control device" to include (somewhere) an actuator slide, a cam hub, and some part of the focus control device extending outward from the housing, ***nothing in the claim language*** of Claim 10 requires that the actuator slide or the cam hub be located (in whole or in

*part) in that portion of the focus control device that is outside the housing*.²

      Nightforce's argument in favor of this new claim construction turns on its analysis of exemplary Figures 2, 3, and 5 of the '907 Patent, showing the actuator (122) mostly inside but partly outside the exterior edge of the housing. *See* ECF # 198 at 1-2 (arguing that Nightforce's new construction is supported by the specific exemplary structure in Figure 5). While the claim language must not be construed so narrowly as to exclude this exemplary embodiment from the claim scope, *see* ECF ## 195, 199, <u>it is also legal error to limit the scope of broader claim language to a mere exemplary embodiment in the specification or figures</u>. *See* ECF # 69 at 11-12, 14-15 (claim construction opinion and order) (citing *Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1350 (Fed. Cir. 2013); *Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1348 (Fed. Cir. 2009); *GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014)). Patent claim terms are given the full breadth of the claim language's plain, ordinary meaning, <u>even if only a single embodiment is described in the specification</u>, unless there is an express limiting definition/disclaimer. *Bradium Techs. LLC v. Iancu*, 923 F.3d 1032, 1044 (Fed. Cir. 2019). Because nothing in the '907 patent's claim language requires (in whole or in part) that the actuator slide or cam hub be in the portion of the "focus control device" that is located outside of the housing (to create a physically graspable knob), Nightforce's proposed construction improperly rewrites the clear claim language to limit the claim to a single exemplary embodiment from the figures. Nightforce errs.

## CONCLUSION

      Nothing about the claim language requires that the actuator slide or cam hub be in, or partially in, that portion of the focus control device located outside of the housing, rather than another portion of the focus control device (such as one inside the housing). Nightforce's revised construction should be rejected in favor of the plain and ordinary meaning of the claim language.

---

² Sticking with the analogy from Leupold's earlier briefs, a patent claim for a smoke ventilation device (chimney) extending outwardly from the roof of a home and including a fireplace box and a damper could likewise require part of the smoke ventilation device (chimney) to project outwardly from the exterior of the roof, <u>but that does not require</u> the fireplace box or damper (*or some portion thereof*) to be in the part of the chimney projecting *outside the roof*.

DATED this 23rd day of January, 2020.

        Respectfully submitted,

        STOEL RIVES LLP

        */s/ Nathan C. Brunette*
        Nathan C. Brunette, OSB No. 090913
        Kassim M. Ferris, OSB No. 965260
        760 S.W. Ninth Ave., Suite 3000
        Portland, OR  97205
        Telephone: (503) 224-3380
        Facsimile:  (503) 220-2480
        *kassim.ferris@stoel.com*
        *nathan.brunette@stoel.com*

        Brian C. Park (*pro hac vice*)
        600 University Street, Suite 3600
        Seattle, WA  98101-4109
        Telephone: (206) 386-7542
        Facsimile:  (206) 386-7500
        *brian.park@stoel.com*

        Attorneys for Leupold & Stevens, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed today with the Clerk of the Court using the Court's CM/ECF system, which will send notification and serve such filing to all counsel for the parties who have appeared in this case:

David A. Casimir, Ph.D.
Casimir Jones, S.C.
2275 Deming Way, Suite 310
Middleton, WI  53562

Scott E. Davis
Todd M. Siegel
J. Christopher Carraway
Klarquist Sparkman, LLP
One World Trade Center
121 SW Salmon Street, Suite 1600
Portland, OR  97204

   Attorneys for Defendants

DATED:  January 23, 2020.

                              STOEL RIVES LLP

                              */s/ Nathan C. Brunette*
                              NATHAN C. BRUNETTE
                              OSB No. 090913
                              Telephone: (503) 224-3380

                              Attorneys for Plaintiff/Counterclaim-Defendant
                              LEUPOLD & STEVENS, INC.