IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LEUPOLD & STEVENS, INC.,   No. 3:16-cv-01570-HZ

    Plaintiff,   OPINION & ORDER

  v.

LIGHTFORCE USA, INC. d/b/a
NIGHTFORCE OPTICS and
NIGHTFORCE USA,

    Defendant.


HERNÁNDEZ, District Judge:

    Plaintiff Leupold & Stevens, Inc. ("Leupold") brings this action against Defendant Lightforce USA, Inc. ("Nightforce"), alleging the infringement of seven Leupold patents related to optical devices such as riflescopes. To date, the Court has resolved the parties' summary

1- OPINION & ORDER

judgment motions on two of the seven patents. Now before the Court is a single, narrow claim construction issue related to the '907 patent: whether Claim 10 requires that an actuator slide be located entirely outside the scope housing. *See Leupold & Stevens, Inc. v. Lightforce USA*, No. 3:16-cv-01570-HZ, 2019 WL 4696406, *6 (D. Or. Sept. 26, 2019) ("O&O"), ECF 180. For the reasons that follow, the Court finds that it does not.

## DISCUSSION

Claim 10 provides:

> A telescopic rifle sight . . . including a tubular housing having a longitudinal axis, . . . the telescopic rifle sight comprising:
>
> (c) a manually adjustable focus control device projecting outwardly from the exterior of the housing in a direction transverse to the longitudinal axis, the focus control device including:
>
> (i) a cam hub mounted for rotation about an axis of rotation, the cam hub positioned so that the axis of rotation is substantially perpendicular to the longitudinal axis, the cam hub including a drive face facing toward the interior of the housing and a spiral cam track formed in the drive face around the axis of rotation, the spiral cam track spiraling outwardly from the axis of rotation, and
>
> (ii) an actuator slide slidably mounted to the housing for movement along the longitudinal axis and including a cam follower operably engaged in the spiral cam track so that the actuator slide moves generally along the longitudinal axis in response to rotation of the cam hub, the actuator slide operatively connected to the movable optical element to drive the movable optical element in response to rotation of the cam hub and thereby adjust the focus setting of the telescopic rifle sight.

'907 Patent, col. 7, ll. 50–67; col. 8, ll. 1–22, ECF 28-7.

At summary judgment, the parties raised arguments as to the scope of Claim 10. Nightforce argued that the actuator slide must be located entirely outside the housing. Def. Resp. to Mot. Sum. J. 13, ECF 120. Leupold argued that nothing in Claim 10 requires the actuator slide to be "entirely, mostly, or even partially" outside the housing. Pl. Reply to Mot. Sum. J. 3, ECF 146. The parties failed, however, to develop or provide support for either argument. Since the

2- OPINION & ORDER

Court's summary judgment ruling, the parties have provided further briefing on this narrowly framed issue.[1]

In its briefing, Nightforce first argued that the phrase "focus control device projecting outwardly from the exterior of the housing" should be construed to mean a "focus control device (knob), that includes the cam hub and actuator slide, starts at the housing and projects outwardly from the exterior of the housing." Def. Br. 2, ECF 195. In other words, Nightforce argued that the entire focus control device must be located outside the exterior edge of the riflescope housing. However, in its response and reply briefs, Nightforce appears to have abandoned the argument.[2] Now, Nightforce argues that "a plain reading of a focus control knob 'projecting outwardly from the exterior of the housing' is that at least part of both of the two pieces required to make a 'knob' project from the exterior of the housing." Def. Resp. 2, ECF 198. Thus, according to Nightforce, Claim 10 requires only that at least *part* of the actuator slide be located outside the riflescope housing.

The Court agrees with Leupold that Nightforce's proposed construction is unsupported by the claim language and "would improperly limit the claim language to the structure of the exemplary embodiment from the figures." Pl. Reply 1, ECF 210. First, while the claim language requires that the focus control device contain at least one actuator slide and one cam hub, the use of the term "including" allows the device to contain any number of additional components. *See* O&O at *18 ("As a patent law term of art, includes means comprising. Includes is non-restrictive

---

[1] As this Court has repeatedly stated, it will not consider any additional issues at this time.
[2] With good reason—the Court agrees with Leupold that adopting Nightforce's original construction would improperly limit the claim such that it would exclude the preferred embodiment. *See On-Line Techs., Inc. v. Bodensweewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1138 (Fed. Cir. 2004) ("[A] claim interpretation that excludes a preferred embodiment from the scope of the claim is rarely, if ever, correct." (quotation marks and citation omitted)).

3- OPINION & ORDER

terminology that neither foreclose[s] additional elements that need not satisfy the stated claim limitations, nor requires additional, unspecified elements." (citing *SanDisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1284 (Fed. Cir. 2005) and *Aspex Eyewear, Inc. v. Altair Eyewear, Inc.*, 288 F. App'x 697, 702 (Fed. Cir. 2008))). Additionally, while the claim language requires that the "focus control device project[] outwardly from the exterior of the housing," the Court sees no corresponding requirement that the focus control device be located, in its entirety, outside the housing. The Court also sees nothing in the claim language that requires the actuator slide to "be located (in whole or in part) in that portion of the focus control device that is outside the housing." Pl. Reply 2–3; *see also Skedco, Inc. v. Strategic Operations, Inc.*, 685 F. App'x 956 (Fed. Cir. 2017) (noting that "[c]laim construction must begin and remain centered on the claim language" and finding nothing in the claims themselves that required the additional limitation urged by defendant).

Moreover, Nightforce's construction "would improperly limit the broadly drafted claims to one preferred embodiment." *Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1350 (Fed. Cir. 2013) (quoting *Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1348 (Fed. Cir. 2009)). Specifically, while the parties agree that the sole preferred embodiment shows an actuator slide located only partially outside the scope housing, Leupold has not stated an intention to limit the claimed invention to the preferred embodiment. *See GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014) (holding that a patent with only a single embodiment is not necessarily limited by that embodiment absent a "disavowal or disclaimer based on clear and unmistakable statements by the patent that limit the claims").

//

//

//

4- OPINION & ORDER

The Court therefore finds that Claim 10 of the '907 patent does not require that an actuator slide be located entirely outside the scope housing.

IT IS SO ORDERED.

Dated: <u>     February 10, 2020               </u>.

                                                       <u>                                        </u>
MARCO A. HERNÁNDEZ
United States District Judge